IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
(Heard at Memphis)

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | **FOR PUBLICATION** |
| | ) | |
| Appellee | ) | **FILED: September 14, 1998** |
| | ) | |
| v. | ) | SHELBY COUNTY |
| | ) | |
| DEWAYNE B. BUTLER, | ) | Hon. Joseph B. Dailey, Judge |
| FREDRICK D. BUTLER, and | ) | |
| ERIC D. ALEXANDER | ) | NO. 02S01-9711-CR-00094 |
| | ) | |
| Appellants. | ) | (Interlocutory Appeal) |
| | ) | |

For the Appellants:

A.C. Wharton
Shelby County Public Defender

W. Mark Ward & Sherrye Brown
Assistant Public Defenders
Memphis
(Attorneys for Dewayne Butler)

Leslie I. Ballin & Mark A. Mesler
Memphis
(Attorneys for Fredrick Butler)

William Massey
Memphis
(Attorney for Eric Alexander)

For the Appellee:

John Knox Walkup
Attorney General & Reporter

Michael E. Moore
Solicitor General

Kathy Morante
Deputy Attorney General

FILED

September 14, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

# OPINION

COURT OF CRIMINAL APPEALS                                    BARKER, J.
AFFIRMED
                          **OPINION**

The sole issue in this interlocutory appeal is whether the State may rely upon the felony murder aggravating circumstance when seeking a sentence of life without the possibility of parole for defendants charged with felony murder.[1] We hold that there are no constitutional or statutory prohibitions and accordingly affirm the judgment of the Court of Criminal Appeals.

## BACKGROUND

In 1994, indictments were returned charging the appellants with especially aggravated robbery, first degree premeditated murder, and felony murder. During pre-trial proceedings, the State filed a notice of intent to seek life imprisonment without the possibility of parole, for each appellant, based upon the felony murder aggravating circumstance. Tenn. Code Ann. § 39-13-204(i)(7) (Supp. 1994). The appellants filed motions to strike the felony murder aggravator.

The trial court denied the motion in Frederick Butler's case[2], but granted Dewayne Butler and Eric Alexander's motions to strike upon finding that "the [felony murder] aggravating circumstance is merely a duplication of the essential elements of the underlying offense." The trial court's rationale was based upon Tennessee Code Annotated section 40-35-114 (Supp. 1994), and this Court's decision in State v. Middlebrooks, 840 S.W.2d 317 (Tenn. 1992).

On interlocutory appeal by the State, the Court of Criminal Appeals reversed the trial court's ruling with respect to Dewayne Butler and Eric Alexander and affirmed

---

[1] Oral argument was heard in this case on May 13, 1988, in Memphis, Shelby County Tennessee, as part of this Court's S.C.A.L.E.S (Supreme Court Advancing Legal Education for Students) project.

[2] The trial court's ruling on Frederick Butler's motion to strike was not made a part of the record on appeal.

the ruling as to Frederick Butler. The court determined that our holding in <u>State v. Middlebrooks</u>, 840 S.W.2d 317 (Tenn. 1992), does not bar the use of aggravator (i)(7) to enhance a life sentence to life without the possibility of parole following a conviction of felony murder.

## ANALYSIS

In <u>Middlebrooks</u>, a majority of this Court held that when a defendant is convicted of felony murder, the use of the felony murder aggravating circumstance to support a death sentence violates the cruel and unusual punishment provisions of both the federal and state constitutions[3] because the aggravator does not sufficiently narrow the class of death-eligible offenders. <u>See</u> 840 S.W.2d at 346.[4] Finding, however, no statutory or constitutional counterpart to <u>Middlebrooks</u> requiring the narrowing of the class of defendants eligible for life sentences without the possibility of parole, the intermediate appellate court concluded that the felony murder aggravator can be used to enhance appellants' sentences to life without the possibility of parole if they are convicted of felony murder.

At the time of the killing in this case, the felony murder aggravator read as follows:

> (7) The murder was committed while the defendant was engaged in committing, or was an accomplice in the commission of, or was attempting to commit, or was fleeing after committing or attempting to commit, any first degree murder, arson, rape, robbery, burglary, theft, kidnaping, aircraft piracy, or unlawful throwing, placing or discharging of a destructive device or bomb.

---

[3]A majority of this Court has held that the <u>Middlebrooks</u> decision was based independently on Article I, section 16 of the Tennessee Constitution. <u>State v. Bigbee</u>, 885 S.W.2d 797, 816 (Tenn. 1994); <u>State v. Howell</u>, 868 S.W.2d 238, 259 n.7 (Tenn. 1993).

[4]Justice Drowota and former Justice O'Brien dissented as to this holding. <u>Middlebrooks</u>, 840 S.W.2d at 347-350 (Drowota, J., dissenting).

Tenn. Code Ann. § 39-13-204(i)(7) (Supp. 1994).[5]

In comparison, the indictment charging felony murder in this case states that the appellants "on August 12, 1994, in Shelby County, Tennessee ... did unlawfully and recklessly kill CHARLES CANTRELL during the perpetration of Especially Aggravated Robbery, in violation of T.C.A. 39-13-202."

As in Middlebrooks, the felony murder aggravator contains language that is virtually identical to the language in the indictment charging felony murder.  Both the State and the appellants agree, however, that the constitutional mandates from Middlebrooks are not implicated in this case since the State is not seeking the death penalty.

The decision in Middlebrooks involved this Court's review of capital murder sentencing in Tennessee and the provisions against cruel and unusual punishment in both the Eighth Amendment to the United States Constitution and Article I, section 16 of the Tennessee Constitution.  Particular attention was given to the United States Supreme Court progeny of cases addressing the need to narrow the class of death-eligible offenders in line with the constitutional protection against cruel and unusual punishment.  See e.g. Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 83 L.Ed.2d 346 (1972).

The United States Supreme Court has refused to extend the constitutional requirements in Furman to cases not involving the death penalty.  See Harmelin v. Michigan, 501 U.S. 957, 995, 111 S.Ct. 2680, 2701, 2702, 115 L.Ed.2d 836 (1991).

---

[5]The felony murder aggravator has since been amended to provide that, "[t]he murder was knowingly committed, solicited, directed, or aided by the defendant, while the defendant had a substantial role in committing or attempting to commit, or was fleeing after having a substantial role in committing or attempting to commit, any" of the enumerated felonies.  Tenn. Code Ann. § 39-13-204(i)(7) (Supp. 1995).

4

Justice Scalia writing for a majority of the Court in <u>Harmelin</u> stated that, "[the Supreme Court] cases creating and clarifying the 'individualized capital sentencing doctrine' have repeatedly suggested that there is no comparable requirement outside the capital context, because of the qualitative difference between death and all other penalties."[6]

Justice Scalia distinguished capital punishment by noting that "the penalty of death differs from all other forms of criminal punishment, not in degree but in kind. It is unique in its total irrevocability. It is unique in its rejection of rehabilitation of the convict as a basic purpose of criminal justice. And it is unique, finally, in its absolute renunciation of all that is embodied in our concept of humanity." <u>Harmelin</u>, 501 U.S. at 995-96, 111 S.Ct. at 2702 (quoting <u>Furman v. Georgia</u>, 408 U.S. 238, 306, 92 S.Ct. 2726, 2760, 83 L.Ed.2d 346 (Stewart, J., concurring)).

We agree that the penalty of death is unique to all other forms of punishment and should be distinguished accordingly under both the federal and state constitutions. With that in mind, we note that the appellants in this case are not on trial for their lives. If convicted of premeditated murder or felony murder, they will be sentenced to either life imprisonment or life without the possibility of parole. We, therefore, conclude that the constitutional concerns involving the death penalty are not at issue here. Our focus, instead, is upon the statutory construction of the sentencing provisions governing life imprisonment and life without the possibility of parole.

Tennessee Code Annotated section 39-13-207 governs sentencing in first degree murder cases where the State does not seek the death penalty. Section 39-

---

[6]<u>Id.</u> (citing <u>Eddings v. Oklahoma</u>, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982); <u>Rummel v. Estelle</u>, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980); <u>Lockett v. Ohio</u>, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978); <u>Woodson v. North Carolina</u>, 428 U.S. 280, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976)).

13-207(a) provides that the jury shall determine in a separate sentencing hearing whether a defendant shall be sentenced to either life imprisonment or life without the possibility of parole.[7]  The bifurcated hearing must be conducted in accordance with Tennessee Code Annotated section 39-13-204, excluding references to the death penalty.  Tenn. Code Ann. § 39-13-207(a) (Supp. 1994).

Section 39-13-204 prescribes the manner in which evidence is to be presented and considered during the sentencing phase of a first degree murder trial.  Attorneys for both the State and the defense are given an opportunity to present evidence relevant to the issue of punishment.  Such evidence may include, but is not limited to, "the nature and circumstances of the crime; the defendant's character, background history, and physical condition; any evidence tending to establish or rebut the aggravating circumstances enumerated in subsection (i); and any evidence tending to establish or rebut any mitigating factors."  Tenn. Code Ann. § 39-13-204(c) (Supp. 1994).

Sections 39-13-207 and 39-13-204 combine to set forth the jury's role in fixing the appropriate life sentence.  The jury must first determine if any statutory aggravating circumstances or mitigating circumstances have been proven beyond a reasonable doubt.  See Tenn. Code Ann. §§ 39-13-204(e)(1) and 39-13-207(d).  If the jury unanimously finds the existence of at least one statutory aggravating circumstance beyond a reasonable doubt, then in its considered discretion, the jury may sentence the defendant either to life imprisonment or life without the possibility of parole.  Tenn. Code Ann. §§ 39-13-207(c) and 39-13-204(f)(2).  In exercising its discretion, the jury is required to weigh and consider the statutory aggravating

_____

[7]The penalty of life without the possibility of parole was established by our legislature in 1993, approximately one year after Middlebrooks.  See 1993 Pub. Acts Ch. 473, § 16.

circumstance or circumstances proven beyond a reasonable doubt and any mitigating circumstances. Tenn. Code Ann. §§ 39-13-207(d) and 39-13-204(e)(1) (Supp. 1994).

Nothing in the text of either section 39-13-207 or 39-13-204 prohibits the jury from considering an aggravating circumstance when the aggravator duplicates an element of the underlying offense. The appellants, however, argue that the language and context of section 39-13-207 reveal an inherent legislative intent to apply the Middlebrooks' rationale to sentences of life imprisonment without the possibility of parole.

The appellants contend that by enacting section 39-13-207 after the decision in Middlebrooks and by referring to section 39-13-204 in the text of section 39-13-207, the legislature intended for the Middlebrooks rationale to apply in non-capital felony murder cases. Otherwise, according to the appellants, every defendant convicted of felony murder would be sentenced to life imprisonment without the possibility of parole. We disagree.

The appellants' reading of sections 39-13-207 and 39-13-204 overlooks the language in both statutes stating that a sentence of life imprisonment or life without the possibility of parole shall be determined by a jury in its considered discretion. See Tenn. Code Ann. §§ 39-13-207(c) and 39-13-204(f)(2). The jury is not required to *per se* impose a sentence of life without the possibility of parole even if it finds an aggravating circumstance proven beyond a reasonable doubt. The statutes require the jury to consider mitigating circumstances and other evidence from trial before determining the appropriate life sentence. A defendant convicted of felony murder, therefore, will not necessarily be sentenced to life imprisonment without the possibility of parole even when the felony murder aggravator is applicable to the case.

7

Both sections 39-13-207 and 39-13-204 are silent as to the use of an aggravating circumstance when the aggravator duplicates an element of the offense. We must therefore rely upon well-known principles of statutory construction to determine the proper reading of those statutes.

The construction of a statute is a question of law which we review *de novo*, without a presumption of correctness. Roseman v. Roseman, 890 S.W.2d 27, 29 (Tenn. 1994). Our role in that regard is to determine and to "give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." Carter v. State, 952 S.W.2d 417, 419 (Tenn. 1997); Owens v. State, 908 S.W.2d 923, 926 (Tenn. 1995). Legislative intent must be ascertained from the natural and ordinary meaning of the statutory language, "read in context of the entire statute, without any forced or subtle construction which would extend or limit its meaning." State v. Davis, 940 S.W.2d 558, 561 (Tenn. 1997).

Keeping those caveats in mind, we address the specific language of section 39-13-207 and its reference to section 39-13-204. Section 39-13-207(d) provides that "[t]he jury shall be instructed that, in imposing sentence, it shall weigh and consider the statutory aggravating circumstance or circumstances proven by the state beyond a reasonable doubt and any mitigating circumstance or circumstances." Subsection (c) further provides that:

> If the jury unanimously determines that the state has proven beyond a
> reasonable doubt one or more of the statutory aggravating
> circumstances set forth in [section] 39-13-204(i), the jury shall, in its
> considered discretion, sentence the defendant either to imprisonment for
> life without possibility of parole or imprisonment for life.

Tenn. Code Ann. § 39-13-207(c) (Supp. 1994).

8

Section 39-13-204(i) contains the exclusive list of aggravating circumstances for first degree murder cases. Subsection (i) states that "[n]o death penalty or sentence of imprisonment for life without the possibility of parole shall be imposed but upon a unanimous finding that the state has proven beyond a reasonable doubt the existence of one (1) or more of the statutory aggravating circumstances, which are limited to the following ... ."

The above provisions set forth the strictures for considering aggravating circumstances in first degree murder cases where the State seeks the penalty of life imprisonment without the possibility of parole. The statutory text is unambiguous and contains no restriction upon the use of an aggravating circumstance when the aggravator duplicates an element of the offense. Accordingly, we do not accept the argument that section 39-13-207 was intended to incorporate the rationale from Middlebrooks. Such a holding would extend the meaning of the statute beyond its actual text.

If the legislature had intended for section 39-13-207 to prohibit the use of an aggravating circumstance when duplicative of an element of the offense, it could have so provided in the text of the statute. Such language, for example, was included in Tennessee Code Annotated section 40-35-114 (1989). Section 40-35-114, part of the Sentencing Reform Act of 1989, governs the use of enhancement factors in criminal sentencing and contains a list of statutory enhancers which may be relied upon if the enhancers are not essential elements of the underlying offenses. Tenn. Code Ann. § 40-35-114 (Supp. 1994). That statute provides that "[i]f appropriate for the offense, enhancement factors, if not themselves essential elements of the offense as charged in the indictment, may include [the following]."

9

The appellants argue that section 40-35-114 reveals the legislature's disapproval of using an aggravating circumstance when the aggravator duplicates an element of the offense. This contention, however, overlooks the unique sentencing scheme established for first degree murder cases. "Because first degree murder is punished by either life imprisonment[8] or death, first degree murder is not punished according to the sentencing structure provided in section 40-35-105 *et seq.*" Tenn. Code Annotated section 39-11-117 (Sentencing Commission Comments). Accordingly, the provisions in 40-35-114 have no bearing on the sentencing procedures in first degree murder cases.

Moreover, in construing section 39-13-207, we must presume that the legislature had knowledge of our decision in State v. Middlebrooks and the sentencing guidelines in Tennessee Code Annotated section 40-35-114, when it enacted section 39-13-207 in 1993. See Owens v. State, 908 S.W.2d 923, 926 (Tenn. 1995). The legislature, nevertheless, established the sentencing procedures in section 39-13-207 without any reference to Middlebrooks or section 40-35-114, and without any limitation upon the use of aggravating circumstances in cases where the defendant is eligible for life imprisonment without the possibility of parole.

## CONCLUSION

Tennessee Code Annotated sections 39-13-207 and 39-13-204 provide the exclusive sentencing scheme for first degree murder convictions. Having found nothing in those statutes to prohibit the use of an aggravating circumstance when the aggravator duplicates an element of the offense, we conclude that the appellants' contention is without merit. The felony murder aggravator (i)(7) can be used to

---

[8]The Sentencing Commission Comments to Tennessee Code Annotated section 39-11-117 (1989) were adopted before the enactment of the penalty of life imprisonment without parole.

enhance a sentence to life without the possibility of parole when the defendant is convicted of felony murder.

The judgment of the Court of Criminal Appeals is affirmed and the case is remanded to the trial court for further proceedings consistent with this opinion.

_____
WILLIAM M. BARKER, JUSTICE

CONCUR:

Anderson, C.J.
Drowota, Birch, Holder, JJ.