IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 15, 2000

## STATE OF TENNESSEE v. GREGORY LYNN REDDEN

**Direct Appeal from the Circuit Court for Robertson County**
**No. 98-0479     Robert W. Wedemeyer, Judge**

---

**No. M2000-00988-CCA-R3-CD - Filed December 28, 2000**

---

The Appellant, Gregory Lynn Redden, was convicted by a Robertson County jury of burglary, theft of property over $1,000, and criminal impersonation. He received concurrent sentences of twelve years for burglary, twelve years for theft of property, and six months for criminal impersonation. On appeal, the Appellant raises the following three issues for our review: (1) whether the evidence was sufficient to support the verdict; (2) whether the trial court erred in not excusing two jurors for cause during voir dire; and (3) whether the trial court erred by allowing the statement of the Appellant's confession into evidence. After review, we find no error and affirm the judgment.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA McGEE OGLE, JJ., joined.

Joe R. (Jay) Johnson, Springfield, Tennessee, for the Appellant, Gregory Lynn Redden.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Marvin E. Clements, Jr., Assistant Attorney General, John Wesley Carney, Jr., District Attorney General, and Joel Perry, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

On October 27, 1998, the Appellant, Gregory Lynn Redden, was indicted by a Robertson County Grand Jury on the offenses of burglary, theft of property over $1,000, and criminal impersonation. Following a jury trial, the Appellant was found guilty as charged and received an effective sentence of twelve years. On appeal, the Appellant raises the following issues for our

review:  (1) whether the evidence was sufficient to support the verdict;[1] (2) whether the trial court erred in not excusing two jurors for cause during voir dire; and (3) whether the trial court erred by allowing the statement of the Appellant's confession into evidence.  Upon review, we find no error. Therefore, the judgment of the Robertson County Criminal Court is affirmed.

## Background

On December 16, 1997, officers from the Springfield Police Department received a dispatch that a burglar alarm was sounding at the Bank of Goodlettsville.  Upon arriving at the bank, Officer Joe McLeod noticed that a window on the back side of the bank was broken and called for back-up assistance.  Upon further investigation, Officer Troy Sabie noticed someone moving around inside of the bank.  Although Officer Sabie did not actually see the Appellant exit the bank, he did see the Appellant jump over a brick wall and crouch down to hide behind the bank's air-conditioning unit. Several officers surrounded the area and arrested the Appellant.  A screwdriver and gloves were found next to the air-conditioning unit.  After the Appellant was arrested, a woman approached Officer Sabie and identified herself as a companion of the Appellant.  She informed the officers of the Appellant's true name and stated that the van they were traveling in belonged to the Appellant's sister.[2]

Upon entering the bank, the officers discovered that the cash drawers and coin vaults at the teller windows had been broken into and approximately $2,245 had been removed.  A duffle bag containing the money was discovered inside the bank.  Brent Browning, the branch manager of the bank, testified that it was not bank policy to leave money out and that the duffle bag and flashlight found inside the bank were not bank property.

At the police department, the Appellant gave a statement wherein he stated that his name was Wade Skinner and that he borrowed the van from his sister.  He further stated that he decided to "hit" the bank because he needed some money and acknowledged ownership of the gloves and screwdriver found near the air-conditioning unit.  After giving the statement, the Appellant refused to sign it.

## I. Sufficiency of the Evidence

The Appellant argues that the evidence set forth at trial was insufficient to support the guilty verdicts for both burglary and theft.  Specifically, the Appellant contends that the State failed to prove that he ever entered the bank and that he ever exercised control over the money.  We disagree and find the evidence sufficient to sustain the verdict.

---

[1] Any review of the Appellant's misdemeanor conviction for criminal impersonation is waived for failure to brief the issue.  *See* Tenn. R. App. P. 27.

[2] The Appellant identified himself as Wade Hampton Skinner IV.  At the police station, the Appellant produced a driver's license bearing his picture and the fake name. Upon searching the van, police discovered a grocery list written on the back of an envelope bearing the Appellant's true identity and address.

A jury conviction removes the presumption of innocence with which a defendant is cloaked and replaces it with one of guilt, so that on appeal a convicted defendant has the burden of demonstrating that the evidence is insufficient. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). In determining the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Likewise, it is not the duty of this Court to revisit questions of witness credibility on appeal, that function being within the province of the trier of fact. *See generally* State v. Adkins, 786 S.W.2d 642, 646 (Tenn. 1990); State v. Burlison, 868 S.W.2d 713, 718-19 (Tenn. Crim. App. 1993). Instead, the defendant must establish that the evidence presented at trial was so deficient that no reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994), *cert. denied*, 513 U.S. 1086, 115 S.Ct. 743 (1995); Tenn. R. App. P. 13(e). Moreover, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992), *cert denied,* 507 U.S. 954, 113 S.Ct. 1368 (1993).

In order to be found guilty of burglary, it must be shown that a person, without the effective consent of the property owner, enters a building and commits or attempts to commit a felony, theft, or assault. TENN. CODE ANN. § 39-14-402 (1997 Repl.). Likewise, a person commits theft of property who "with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent. TENN. CODE ANN. § 39-14-103 (1997 Repl.). Thus, in the present case, the burden was upon the State to prove that the defendant entered the bank with the intention of committing a theft. After reviewing the record, we find the State met this burden.

Upon arriving at the bank, officers observed that the burglar alarm was sounding because a bank window had been broken. Furthermore, they noticed a person moving around inside the bank. Shortly thereafter, the officers observed a man jump a brick wall adjacent to the bank and crouch down to hide behind the bank's air-conditioning unit. Upon his arrest, the tools used to break into the vaults were found on the ground nearby. Approximately $2,245 had been removed from the vaults and placed in duffle bags. Notwithstanding that these bags were left inside the bank when the Appellant fled, the removal of the money from the vaults revealed that the Appellant exercised control over the money without the bank's consent. This exercise of control was sufficient to satisfy the statutory definition of theft.

Moreover, the Appellant confessed to being the person who broke into the bank and the statement of the woman accompanying the Appellant on this particular night corroborated the Appellant's confession. Considering these facts, in the light most favorable to the State, we conclude that a reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Therefore, the evidence was sufficient to support a verdict of guilty. This issue is without merit.

## II. Jury Voir Dire and Challenges for Cause

The Appellant next asserts that the trial court erred in failing to strike from the jury panel two prospective jurors for cause. Specifically, the Appellant contends that he had to exhaust his peremptory challenges on jurors that should have been excused for cause based on their initial response that it would be difficult for them to "stand alone" in their belief as to the defendant's innocence if the other eleven jurors disagreed and felt the defendant was guilty. Since he had to exhaust his peremptory challenges on those jurors, the Appellant argues that he was deprived of the opportunity "to have a fair and impartial jury decide his case" in violation of the Sixth Amendment of the United States Constitution.

Irrespective of whether the trial court should have excluded the two jurors for cause, any error in this respect is harmless unless the jury who heard the case was not fair and impartial. State v. Thompson, 768 S.W.2d 239, 246 (Tenn. 1989). In State v. Middlebrooks, our supreme court held:

> It is a long-settled principle that a defendant who disagrees with a trial court's ruling on for cause challenges must, in order to preserve the claim that the ruling deprived him of a fair trial, exercise peremptory challenges to remove the jurors. Even then, however, the failure to correctly exclude a juror for cause is grounds for reversal only if the defendant exhausts all of his peremptory challenges and an incompetent juror is forced upon him.

State v. Middlebrooks, 840 S.W.2d 317, 329 (Tenn. 1992), *criticized on other grounds*, State v. Bigbee, 885 S.W.2d 797 (Tenn. 1994) and State v. Butler, 980 S.W.2d 359 (Tenn. 1998)(*citing* Ross v. Oklahoma, 487 U.S. 81, 89, 108 S.Ct. 2273, 2279 (1988)).

In the present case, as in Middlebrooks, there is no claim, and the record does not show, that an incompetent juror was forced upon the Appellant. Although the Appellant argues that defense counsel was "forced" to use its peremptory challenges on two jurors which should have been excused for cause, he does not tell us how he was prejudiced by not being able to peremptorily challenge any of the jurors who actually heard the case. The record demonstrates that each juror who heard the case was competent. As such, there is no evidence that the Appellant was denied a fair and impartial trial.

Moreover, the trial court individually voir dired the two jurors regarding their responses and explained to the jurors that they should not change their mind simply to reach a unanimous verdict. After this discussion, the trial court once again asked the two jurors if they would be able to "stand alone" if needed and each responded that they could. Since both jurors indicated that they could follow these instructions, the trial court denied the defendant's motion to exclude for cause. A trial court has wide discretion in ruling on the qualifications of a juror. State v. Kilburn, 782 S.W.2d 199, 203 (Tenn. Crim. App.1989). After reviewing the record, we conclude that the trial court did not abuse its discretion in refusing to excuse either of the two jurors for cause.

-4-

### III. Unsigned Confession

The Appellant argues that the trial court erred by not suppressing his statement to Detective William Watkins wherein he confessed to being the person who broke into the bank. Specifically, the Appellant alleges that his statement was "involuntary and unreliable" and that the trial court's failure to suppress the statement "was a violation of [his] constitutional rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution."

At the police station, the Appellant was advised of his *Miranda* rights and signed an "admonition and waiver of rights" form indicating he was willing to make a statement and answer questions. Thereafter, the Appellant and Detective Watkins engaged in an approximately twenty-five minute conversation wherein the Appellant falsely stated he was "Wade Hampton Skinner" and admitted that he broke into the bank. Detective Watkins summarized the Appellant's statement and reduced it to writing. The Appellant then refused to sign the statement and requested an attorney. Detective Watkins immediately ceased questioning.

The Appellant argues that "had he agreed with the detective's version of the story, the statement would have been signed." The primary consideration in determining the admissibility of the evidence is whether the confession is an act of free will. State v. Chandler, 547 S.W.2d 918, 920 (Tenn. 1977). A confession is not voluntary when "the behavior of the state's law enforcement officials was such as to overbear" the will of an accused and "bring about confessions not freely self-determined." Kelly, 603 S.W.2d at 728. With regard to the claim that a confession is involuntary, a trial court's determination at a suppression hearing is presumptively correct on appeal and such presumption of correctness may only be overcome on appeal if the evidence in the record preponderates against the trial court's findings. State v. Kelly, 603 S.W.2d 726, 729 (Tenn. 1980). Furthermore, the appellate courts of this state are bound to accept that determination by a trial court that a confession was freely and voluntarily given unless the evidence in the record preponderates against that finding. State v. Adams, 859 S.W.2d 359, 362 (Tenn. Crim. App. 1992). Findings of fact made by the trial court after an evidentiary hearing on a motion to suppress are afforded the weight of a jury verdict, and an appellate court will not set aside the trial court's judgment unless the evidence contained in the record preponderates against the findings of the trial court. State v. Odom, 928 S.W.2d 18 (Tenn. 1996).

In the present case, the Appellant agrees that he was read his *Miranda* rights and that he did sign a waiver of rights form. After hearing the motion to suppress, the trial court found the statement to "have no constitutional infirmities" and ruled that it was admissible. We agree. The fact that the Appellant did not sign the statement is of no effect. An oral confession is just as binding as a written confession. Campbell v. State, 384 S.W.2d 4, 9 (Tenn. 1964). It is natural for human beings to give a written signed confession more weight and credit than they do the testimony of certain witnesses who say the man confessed to them. Id. However, the weight to be given an oral confession as opposed to a signed written confession is for the jury's determination and not the appellate courts. Moreover, there is nothing in the record to show that the statement made was involuntary or taken

against the Appellant's will. As such, the trial court properly admitted the Appellant's statement into evidence. This issue is without merit.

## CONCLUSION

We find that the evidence introduced at trial was sufficient to support the guilty verdicts for burglary and theft of property over $1,000. Likewise, we conclude that the trial court did not err in failing to excuse two jurors for cause and did not err in admitting into evidence the Appellant's unsigned confession. Therefore, the judgment of the Robertson County Criminal Court is affirmed.

_____
DAVID G. HAYES, JUDGE