IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
March 13, 2001 Session

## STATE OF TENNESSEE v. WILLIAM GLENN WILEY

**Direct Appeal from the Criminal Court for Davidson County**
**No. 95-C-1918     Walter Kurtz, Judge**

_____

**No. M1999-02487-CCA-R3-CD - Filed April 20, 2001**

_____

William Glenn Wiley was convicted by a Davidson County jury of felony murder and especially aggravated robbery. Wiley was sentenced to life without the possibility of parole for the murder conviction and sentenced to twenty-five years for the robbery conviction, with the sentences to run concurrently. On appeal, Wiley raises the following issues for our review: (1) whether the evidence at trial was sufficient to support the conviction for felony murder; (2) whether the evidence was sufficient to support the conviction for especially aggravated robbery; (3) whether the evidence was sufficient to support the jury's reliance on two aggravating factors when imposing a sentence of life without the possibility of parole; and (4) whether the trial court erred by not instructing the jury on the theory of self-defense. After review, we find no error and affirm the judgment.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and JOHN EVERETT WILLIAMS JJ., joined.

Dwight E. Scott, Nashville, Tennessee, (on appeal); Lionel R. Barrett, Jr., Nashville, Tennessee, (at trial) for the Appellant, William Glenn Wiley.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Peter M. Coughlan, Assistant Attorney General, and Kimberly Haas, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The Appellant, William Glenn Wiley, was indicted by a Davidson County Grand Jury for one count of felony murder and for one count of especially aggravated robbery. The State timely filed notice of its intent to seek an enhanced punishment of life without the possibility of parole. After a jury trial, the Appellant was found guilty of both counts. Thereafter, the jury sentenced the Appellant to life without the possibility of parole for the murder conviction and the trial court sentenced the Appellant to twenty-five years for the robbery conviction. Both sentences were to run

concurrently. On appeal, the Appellant asserts the following errors occurred at trial: (1) the evidence presented was insufficient to support the conviction of felony murder; (2) the evidence presented was insufficient to support the conviction of especially aggravated robbery; (3) the evidence presented was insufficient to support the jury's reliance on two aggravating factors when they imposed a sentence of life without the possibility of parole; and (4) the trial court erred by not instructing the jury on the theory of self-defense. Upon review, we find no error. Thus, the judgment of the trial court is affirmed.

## Background

On June 6, 1995, Metro police officers, Lt. Jim Stevens and Officer David Corman, received a call regarding a body found in a motel room at the Knights Inn. The victim, who was identified as Frank Andrews, had moved to Nashville to pursue his career as a songwriter and at the time was residing at the Knights Inn Motel. Upon arriving, the officers noticed that the room was in disarray and blood and glass were found on the bed. In the bathroom, the officers discovered the body of the victim. The victim's legs and lower body were situated partially in the bathtub while the victim's head rested face-down in the commode. Because both the toilet and the victim's head were covered with blood, it appeared that the victim had been struck violently on the head. The officers observed only blood in the commode, and found no trace of vomit. The victim's pockets had also been turned inside out. Officers further discovered a cut lamp cord, a phone cord, and a pocketknife in the bathroom. The lamp cord found in the bathtub had been cut from one of the lamps in the bedroom. Although officers retrieved $32.50 of bloody money from the bathtub, neither the victim's wallet nor money clip was found at the scene.

The Appellant was employed as a groundskeeper for the motel. On the day of the murder, the Appellant and his girlfriend, who also worked there as a maid, disappeared without notice to their employer and without picking up their paychecks. Officers were able to remove fingerprints from a broken vodka bottle and a broken orange juice bottle found in the room. Upon discovering that the fingerprints recovered matched those of the Appellant, police issued a warrant for his arrest. The Appellant was later located and arrested in Evansville, Indiana.

During his arrest, the Appellant told officers that he and the victim had been drinking all day and "just got drunk." According to the Appellant, "[the victim] said that [he had given] me forty dollars to go buy crack with and said I didn't go get the crack, I just kept the money. Which wasn't true. . . Then one thing lead to another." The Appellant then hit the victim over the head twice with the vodka bottle and the victim fell onto the bed. The Appellant stated that he helped the victim up and took him into the bathroom so he could "clean up or whatever." The Appellant stated that he then "took off" and grabbed the victim's wallet, which contained $240, on the way out. The Appellant asserts that the victim was still alive and conversant when he left the room and that he had no idea the victim was seriously injured when he left.

Although the victim's blood alcohol level was .34 at the time of death, an autopsy revealed that the victim died as a result of blunt force trauma to the head and not from alcohol poisoning. The

autopsy also revealed defensive wounds on the victim's right hand and forearm. The Appellant did not testify at trial. The defense, however, presented the testimony of Dr. Charles Harlan, who testified that the victim's death resulted from acute ethyl alcohol poisoning, rather than from blunt force trauma.

## I. Sufficiency of the Evidence

A jury conviction removes the presumption of innocence with which a defendant is cloaked and replaces it with one of guilt so that, on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). In determining the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Likewise, it is not the duty of this Court to revisit questions of witness credibility on appeal, that function being within the province of the trier of fact. *See generally* State v. Adkins, 786 S.W.2d 642, 646 (Tenn. 1990); State v. Burlison, 868 S.W.2d 713, 718-19 (Tenn. Crim. App. 1993). Instead, the defendant must establish that the evidence presented at trial was so deficient that no reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994), *cert. denied*, 513 U.S. 1086, 115 S. Ct. 743 (1995); Tenn. R. App. P. 13(e). Moreover, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992), *cert denied,* 507 U.S. 954, 113 S. Ct. 1368 (1993).

### A. Especially Aggravated Robbery & Felony Murder

The Appellant contends that the evidence was insufficient to support his conviction for especially aggravated robbery and was insufficient to support his conviction for felony murder. Specifically, the Appellant contends that the "robbery in this instance was collateral to the killing." As such, he argues that the State failed to prove that the "taking of the wallet constituted an integral part of, and was closely connected to, the killing."

Felony murder is defined as "the killing of another committed in the perpetration of or attempt to perpetrate any first degree murder, arson, rape, robbery, burglary, theft, kidnapping, aggravated child abuse, or aircraft policy." Tenn. Code Ann. § 39-13-202((2). Robbery is the "intentional or knowing theft of property from the person of another by violence or putting the person in fear." Tenn. Code Ann. § 39-13-401. In order for the robbery to become especially aggravated robbery, the robbery must be accomplished with a deadly weapon and the victim must suffer serious bodily injury. Tenn. Code Ann. § 39-13-403.

In the present case, the Appellant argues that the evidence presented failed to show that the wallet was taken from the victim's person. In his brief, the Appellant argues that the taking of the

victim's wallet was an afterthought as he was leaving the victim's apartment.[1]  The evidence produced at trial established that the victim's pants pockets were turned inside out.  The victim's mother testified that the victim always kept his wallet and money clip in his pocket.  The proof further revealed that the victim died from blunt force trauma to the head, a result consistent with the Appellant's admission that he hit the victim on the head twice with a vodka bottle.  The fingerprints recovered from the vodka bottle matched those of the Appellant.  Furthermore, the Appellant admitted that he was present in the room on the day of the murder and that the entire argument between him and the victim began over money. Immediately after the confrontation, the Appellant fled the state.  Considering these facts, in the light most favorable to the State, we conclude that a reasonable trier of fact could have found the essential elements of the offenses beyond a reasonable doubt. *See* State v. Buggs, 995 S.W.2d 102, 106 (Tenn. 1999). Therefore, the evidence was sufficient to support a verdict of guilty for both especially aggravated robbery and felony murder.  This argument is without merit.

## B.  Aggravating factors

The Appellant next challenges the application of aggravating factors (i)(2), that the defendant was previously convicted of a felony, involving violence to the person, and (i)(7), the murder was committed during the perpetration of a robbery, in sentencing him to life without parole.  *See* Tenn. Code Ann. § 39-13-204(i)(2) & (i)(7).

First, the Appellant cites State v. Middlebrooks, 840 S.W.2d 317, 346 (Tenn. 1992) in support of his argument that the jury could not have sentenced him to life without parole for committing murder during the perpetration of the robbery because the (i)(7) aggravator duplicates the elements of the offense.  In State v. Butler, 980 S.W.2d 359, 363 (Tenn. 1998), however, our supreme court held that the felony murder aggravator (i)(7) can be used to enhance a sentence to life without the possibility of parole when the defendant is convicted of felony murder.  The court explained that "the statutory text is unambiguous and contains no restriction upon the use of an aggravating circumstance when the aggravator duplicates an element of the offense."  Id. Accordingly, our supreme court rejected the Middlebrooks rationale for a case involving a sentence of life without the possibility of parole because the constitutional mandates from Middlebrooks are not implicated in a case where the State does not seek the death penalty. As such, the jury properly considered the (i)(7) aggravator when it sentenced the Appellant.

Second, the Appellant contends that the evidence was insufficient to support the (i)(2) aggravator.  The record reflects that the Appellant had two prior felony convictions for robbery in the state of Ohio.  He argues that because these two separate convictions "grew out of a single criminal episode in a single place in a short period of time, [they] should have only been considered as a single conviction."  The (i)(2) aggravating factor requires the jury to find that the defendant was

---

[1] In support of this argument, the Appellant cites to his testimony *at his sentencing hearing for especially aggravated robbery* where he explained that he took the victim's wallet from the night stand on his way out the door. Because this evidence was not introduced at trial, we obviously are precluded from considering the Appellant's post-trial version of facts in this sufficiency review.

previously convicted of *one or more felonies*, other than the present charge, whose statutory elements involve use of violence to the person. Tenn. Code Ann. § 39-13-204(i)(2). The Appellant's two prior convictions satisfy the requirements of (i)(2). The jury only had to find *one* prior felony which involved the use of violence to the person. While both convictions may have taken place in the same "time period," they are, nonetheless, two separate convictions. Accordingly, we find the jury correctly applied the (i)(2) aggravator when sentencing the Appellant to life without parole. This issue is without merit.

## II.  Self-Defense

Lastly, the Appellant argues that it was error for the trial court not to instruct the jury on self-defense. Specifically, the Appellant asserts that the jury could have inferred that he was under attack since he and the victim were arguing over money. We disagree and find the facts do not support an instruction on self-defense.

Every defendant has the right to have every issue of fact raised by the evidence and material to his or her defense submitted to the jury on proper instructions. Tenn. Code Ann. § 39-11-203(c); Tenn. Code Ann. § 39-11-204(d)(1997); *see also* State v. Ivy, 868 S.W.2d 724, 727 (Tenn. 1993). In order to establish a claim of self-defense, a defendant must show that the danger of death or serious bodily harm was imminent and impending, manifested by some words or overt acts at the time clearly indicative of a present purpose to do injury.[2] Tenn. Code Ann. § 39-11-611(a)(1997); *see also* State v. Ivy, 868 S.W.2d at 727. "[T]o determine whether a statutory defense is fairly raised by the proof so as to require its submission to the jury, a court must, in effect, consider the evidence in the light most favorable to the defendant, including drawing all reasonable inferences flowing from that evidence." State v. Bult, 989 S.W.2d 730, 733 (Tenn. Crim. App. 1998), perm. to appeal denied, (Tenn. 1999)(citing State v. Shropshire, 874 S.W.2d 634, 639 (Tenn. Crim. App. 1993).

Initially, we note that the Appellant did not request an instruction on self-defense at trial. Regardless, we do not find the facts of this case sufficient to support such an instruction. At trial, the jury considered the physical evidence found at the scene and the Appellant's confession to police. In the Appellant's confession, he indicated that he and the victim got into an argument over money and "that one thing led to another" before the Appellant hit the victim in the head twice with a vodka bottle. There was no further explanation at trial of who began the fight or the circumstances that followed, other than "one thing led to another." The mere fact that the two were arguing over money does not, in and of itself, infer that the Appellant was suddenly threatened by death or serious bodily injury. Furthermore, the autopsy report revealed defensive wounds to the victim. In sum, we find nothing in the record which supports the fact that the Appellant reasonably believed that he was in imminent danger of death or serious bodily injury from the victim who, at the time, had a .34 percent blood alcohol level. Accordingly, this argument is without merit.

---

[2]Our current criminal code treats "self-defense" as justification for conduct that otherwise would constitute an offense. Thus, the actor's conduct is "justified" or thought to be right. *See* MODEL PENAL CODE § 3.01.

## CONCLUSION

We find that the evidence presented at trial was sufficient to support the Appellant's convictions for felony murder and especially aggravated robbery. We also find that the evidence presented was sufficient to support the jury's application of the (i)(2) and (i)(7) aggravators when imposing a sentence of life without parole. Finally, we conclude that the trial court did not err by failing to instruct the jury on the theory of self-defense. Therefore, we affirm the judgment of the Davidson County Criminal Court.

_____
DAVID G. HAYES, JUDGE