IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 18, 2011

## MICHELLE TIPTON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 4263     Monte Watkins, Judge**

**No. M2011-00190-CCA-R3-HC - Filed December 13, 2011**

The Petitioner, Michelle Tipton, appeals the Davidson County Criminal Court's denial of her petition for habeas corpus relief from her 2000 conviction for first degree felony murder and resulting life sentence.  She claims her conviction is void because (1) the judgment fails to identify the date of her indictment, (2) the judgment lists a non-existent offense, (3) the judgment fails to list her release eligibility percentage, (4) the same aggravating circumstance was used during the guilt and sentencing phases of the trial, (5) the State violated statutory sentencing guidelines, and (6) the judgment rendered a non-existent sentence. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and JEFFREY S. BIVINS, JJ., joined.

Michelle Tipton, Nashville, Tennessee, Pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Mark A. Fulks, Senior Counsel; Victor S. Johnson, III, District Attorney General; and Steven Hawkins, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The Petitioner was convicted on July 31, 2003, by a Sevier County Circuit Court jury of first degree felony murder and second degree murder.  The jury sentenced the Petitioner to life imprisonment for first degree felony murder and the trial court merged the Petitioner's conviction for second degree murder into her conviction for first degree felony murder.  On direct appeal, this court affirmed the conviction and sentence for first degree felony murder but reversed and dismissed the conviction for second degree murder. <u>State v. Michelle</u>

Tipton, No. E2004-01278-CCA-R3-CD, Sevier County (Tenn. Crim. App. Aug. 22, 2005), perm. app. denied (Tenn. Jan. 30, 2006). The Petitioner filed a petition for post-conviction relief claiming she did not receive the effective assistance of counsel. The trial court denied the petition, and this court affirmed the denial. Michelle Tipton v. State, No. E2009-00236-CCA-R3-PC, Sevier County (Tenn. Crim. App. Jan. 6, 2010), perm. app. denied (Tenn. May 20, 2010). On July 16, 2010, the Petitioner filed a petition for writ of habeas corpus alleging that her judgment of conviction was void and illegal. The trial court found that the Petitioner failed to demonstrate that the judgment was void or illegal and denied the petition. This appeal followed.

In Tennessee, habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1969). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A voidable judgment "is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Id. at 255-56. The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 381 S.W.2d 290, 291-92 (Tenn. 1964).

**I**

The Petitioner contends that her conviction is void because the judgment fails to identify the date she was indicted for her offenses. She argues that the date is necessary to support the basis for the conviction and sentence because the original indictments were amended to include aggravating circumstances. The State contends that the indictment filing date is not a mandatory provision of the uniform judgment document and that omission of the date is not of jurisdictional magnitude. We agree with the State.

"There are nineteen categories of information which must be contained in every judgment document, most of which relate to a defendant's sentence." State v. Stephens, 264 S.W.3d 719, 728 (Tenn. Crim. App. 2007) (citing T.C.A. § 40-35-209(e)). The indictment filing date is not a requirement for a valid judgment. See T.C.A. § 40-35-209(e) (2000) (amended 2009).

The Petitioner cites no authority to support her argument that the judgment is rendered void due to its omission of the indictment filing date. Tennessee Code Annotated section 40-35-209(e) does not require the date to be listed on the judgment. We hold that the Petitioner

has not established that the judgment is void on the basis that the date the indictment was filed was not included. The Petitioner is not entitled to relief.

## II

The Petitioner contends that her conviction is void because the judgment lists her conviction offense as "Murder Perpetration of Robbery." She argues that this is not a felony offense listed by our statutes, does not mirror the first degree murder offense stated on the indictment, and does not satisfy the mandatory requirements of Tennessee Code Annotated section 40-35-209(e). The State contends that the judgment lists a proper abbreviation of first degree murder committed in the perpetration of a robbery and that the abbreviation indicates the type of offense and thus satisfies the requirements of Tennessee Code Annotated section 40-35-209(e). We agree with the State.

A judgment must list the "type of offense for which the defendant was charged and convicted." T.C.A. § 40-35-209(e)(1)(A). Here, the judgment states that the Petitioner was convicted of "Murder Perpetration of Robbery," while the indictment states that the Petitioner "unlawfully and feloniously kill[ed] Pamela Sue Hale during the perpetration or while attempting to perpetrate a robbery, in violation of T.C.A. 39-13-202 . . . ." Although the judgment does not use the exact language used in the indictment or in the first degree murder statute, it sufficiently describes the type of offense for which the Petitioner was charged and convicted. The Petitioner cites no authority to support her argument that the judgment is rendered void due to its failure to use the exact statutory language when listing the offense. We hold that the Petitioner has not established that the judgment is void. The Petitioner is not entitled to relief.

## III

The Petitioner contends that her conviction is void because the judgment fails to list her release eligibility percentage. The State contends that the judgment for the first degree felony murder conviction correctly notes under the release eligibility section that the conviction was for first degree murder and that although the second degree murder judgment does not list release eligibility, no sentence was imposed on that conviction because it was merged into the first degree murder conviction. We hold that the Petitioner has not established that the judgment for first degree felony murder is void.

Effective July 1, 1995, a defendant convicted of first degree murder must serve 100% of his or her sentence, less sentence credits earned and retained equaling no more than 15% of the sentence imposed. T.C.A. § 40-35-501(i) (2000) (amended 2001, 2006, 2007, 2009,

-3-

2010). A judgment must state if a defendant was "sentenced as a one hundred percent (100%) offender pursuant to § 40-35-501(i)." T.C.A. § 40-35-209(e)(1)(G).

The judgment for the Petitioner's first degree felony murder conviction correctly notes under the release eligibility section that the conviction was for first degree murder. Although the judgment for the second degree murder conviction does not indicate a release eligibility, that conviction was merged into the first degree murder conviction and no individual sentence was imposed. Furthermore, the Petitioner is no longer confined due to the second degree murder conviction, which was reversed and dismissed on direct appeal. We hold that the Petitioner has not established that the judgment for first degree felony murder is void. The Petitioner is not entitled to relief.

## IV

The Petitioner contends that her conviction is void because the same aggravating circumstance, that the murder was committed during a robbery, was used during the guilt and sentencing phases of the trial. The State contends that the Petitioner is not entitled to relief because she was sentenced to life imprisonment, a sentence that does not require aggravating circumstances, and the erroneous application of sentencing factors do not render a judgment void. We hold that the Petitioner has not established that the use of the same aggravating circumstance during the guilt and sentencing phases of the trial rendered the judgment void.

The felony murder aggravating circumstance can be used to enhance a life sentence to life without the possibility of parole when a defendant is convicted of felony murder. State v. Butler, 980 S.W.2d 359, 363 (Tenn. 1998). The felony murder aggravating circumstance may not be used to impose the death penalty when a defendant is convicted of first degree murder solely on the basis of felony murder. See State v. Middlebrooks, 840 S.W.2d 317, 346 (Tenn. 1992). Aggravating circumstances are not required to sentence a defendant to life imprisonment. T.C.A. § 39-13-204(f) (2000) (amended 2002, 2008, 2009, 2010, 2011).

The jury found the felony murder aggravating circumstance applicable and could have sentenced the Petitioner to life imprisonment without the possibility of parole, but instead sentenced the Petitioner to life imprisonment, a sentence not requiring the application of an aggravating circumstance. Furthermore, there is no restriction on using the felony murder aggravating circumstance to enhance a life sentence when a defendant is convicted of felony murder. See Butler, 980 S.W.2d at 363. We hold that the Petitioner has not established that the use of the same aggravating circumstance during the guilt and sentencing phases of the trial rendered the judgment void. The Petitioner is not entitled to relief.

**V**

The Petitioner contends that her conviction is void because the State violated statutory sentencing guidelines governing first degree murder by failing to file written notice of its intention to seek life imprisonment without the possibility of parole, as required by Tennessee Code Annotated section 39-13-208, and failing to file a motion to exclude or withdraw the death penalty. The State contends that it was not required to file a motion to exclude or withdraw the death penalty and that notice obligations are procedural matters that do not affect the trial court's jurisdiction. We agree with the State.

"Where a capital offense is charged in the indictment or presentment and the district attorney general intends to ask for the sentence of imprisonment for life without possibility of parole, written notice shall be filed not less than thirty (30) days prior to trial." T.C.A. § 39-13-208(b) (2010). Written notice that the State intends to seek the death penalty also constitutes notice that the State intends to seek a sentence of life imprisonment without the possibility of parole as a possible punishment. T.C.A. § 39-13-208(a). If notice is not filed, the trial court shall sentence a defendant found guilty of first degree murder to life imprisonment. T.C.A. § 39-13-208(c).

The record reflects that the State filed a notice of intent to seek the death penalty on January 18, 2002, which also constituted notice that the State intended to seek life imprisonment without the possibility of parole. An order issued by the trial court on July 15, 2003, states that the State withdrew its notice of intent to seek the death penalty. Although the record does not contain a motion to withdraw notice of intent to seek the death penalty, no such requirement is found in the statutes or rules governing first degree murder sentencing. See T.C.A. §§ 39-13-202, -204, -208; Tenn. R. Crim. P. 12.3(b). Furthermore, a trial court does not lose jurisdiction if a notice is not filed, but instead is required to sentence a defendant found guilty of first degree murder to life imprisonment. See T.C.A. § 39-13-208(c). Although proper notice was filed and an aggravating circumstance was found applicable, the jury sentenced the Petitioner to life imprisonment. We hold that the Petitioner has not established that the judgment is rendered void due to the failure of the State to file an individual notice of its intent to seek life imprisonment without the possibility of parole, in addition to a previously filed notice of intent to seek the death penalty, or a motion to withdraw its intention to seek the death penalty. The Petitioner is not entitled to relief.

**VI**

The Petitioner contends that her conviction is void because the judgment rendered a non-existent sentence. She argues that because she is not eligible for parole until she has served at least fifty-one years, she has effectively been denied an opportunity for parole and

her sentence is thus illegal and void. The State contends that the Petitioner's sentence and release eligibility are established by statute and are not void. We agree with the State.

Sentencing is jurisdictional and must be done in compliance with the sentencing act. McConnell v. State, 12 S.W.3d 795, 798 (Tenn. 2000). A trial court lacks jurisdiction to impose a sentence that is not authorized by the applicable statute or that is in direct contravention of the statute. See Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). As noted above, effective July 1, 1995, a defendant convicted of first degree murder must serve 100% of his or her sentence, less sentence credits earned and retained equaling no more than 15% of the sentence imposed. T.C.A. § 40-35-501(i). Thus, a defendant convicted of first degree murder and sentenced to life must serve at least fifty-one years before becoming eligible for parole and, depending upon the age of the defendant, could have the same effective sentence as life without parole.

Although the Petitioner will not be eligible for parole until she is seventy-seven years old, this does not render her sentence illegal or void. The Petitioner received a valid sentence under our sentencing laws. The Petitioner has not established that her life sentence has expired or that the trial court was without jurisdiction to convict and sentence her. The Petitioner is not entitled to relief.

In consideration of the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE