Roy C. BRADEN, Jr., Appellant,

v.

Dr. James W. YODER, Appellee,

v.

Dr. John H. BELL and Dr. William Gutch, Appellees.

Court of Appeals of Tennessee, Eastern Section.

May 25, 1979.

Certiorari Denied by Supreme Court Jan. 21, 1980.

Sidney W. Gilreath, Robert E. Pryor, Jack W. Bowers and Robert B. Williamson, Knoxville, for appellant.

Norman H. Williams, Knoxville, for Dr. James W. Yoder.

Jonathan H. Burnett, Knoxville, for Dr. John H. Bell.

Donald B. Oakley, Morristown, for Dr. William Gutch.

PARROTT, Presiding Judge (E.S.).

### OPINION

This is a medical malpractice action involving the application of the maximum three-year limitation period codified at T.C.A. 23–3415(a).

The plaintiff-appellant was a minor when, on June 10, 1964, the allegedly negligent treatment of his broken arm occurred. This suit was filed on August 12, 1975, approximately two weeks prior to the plaintiff's nineteenth birthday. Under the legal disability statute, T.C.A. 28–107, a minor may bring suit "within the time of limitation for the particular cause of action" after reaching majority. A three-year maximum period, not applicable to this suit, is also established therein.

On May 29, 1975, the state legislature passed the Medical Malpractice Review Board and Claim Act of 1975 [T.C.A. 23–3401 et seq.], and on July 1, 1975, the Act became effective. Reacting to the so-called "medical malpractice crisis" created in part by the relaxing of the tort statute of limitation under the discovery doctrine adopted in *Teeters v. Currey*, 518 S.W.2d 512 (Tenn. 1974), the legislature superimposed upon the existing limitation period codified at T.C.A. 28–304, a maximum three-year ceiling. This three-year ceiling is unrelated to the accrual of a cause of action commencing not on discovery but rather at the date of the allegedly negligent act.

Therefore, if T.C.A. 23–3415(a) is applicable to this case, the plaintiff's cause of action would have been barred on June 10, 1967, or approximately eight years before the effective date of the malpractice act. We hold that T.C.A. 23–3415(a) is not applicable to this suit and that the suit was timely filed.

In *Parlato v. Howe*, U.S. District Court, Knoxville, filed April 20, 1979, and designated for publication, Judge Taylor held that T.C.A. 23–3415(a) did not eliminate the special rights of minors under T.C.A. 28–107. We agree completely. There is no legislative intent that such rights be eliminated and to do so would cause harsh results to parties injured at an early age who are helpless to protect their rights.

For the reasons above, we hold that this suit is not barred by the maximum limitation period of T.C.A. 23–3415(a).

The order dismissing the action is reversed and the cause remanded for trial. The costs of this appeal are taxed to the appellant.

GODDARD and FRANKS, JJ., concur.