**Kaitlyn CALAWAY ex rel.
Kathleen CALAWAY**

v.

**Jodi SCHUCKER, M.D.**

Supreme Court of Tennessee,
at Nashville.

June 8, 2005 Session.

Dec. 9, 2005.

As Amended on Grant of Rehearing
in Part Feb. 21, 2006.

Carroll C. Johnson, III, and Timothy Holton, Memphis, Tennessee, for the appellant, Kaitlyn Calaway, ex rel. Kathleen Calaway.

Darrell E. Baker, Jr., David Shaw Sadlow, and Deborah Whitt, Memphis, Tennessee, for the appellee, Jodi Schucker, M.D.

Craig P. Sanders and Marty R. Phillips, Jackson, Tennessee, for Amicus Curiae, Tennessee Medical Association.

John A. Day, Brentwood, Tennessee, for Amicus Curiae, Tennessee Trial Lawyers Association.

## OPINION

WILLIAM M. BARKER, C.J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, and ADOLPHO A. BIRCH, JR., JJ. joined. JANICE M. HOLDER, J., filed a dissenting opinion, in which E. RILEY ANDERSON, J., joined.

Pursuant to Rule 23, we accepted four certified questions of law from the United States District Court for the Western District of Tennessee. The third certified question is the central question of the four and is dispositive of the others: Is the three-year statute of repose for medical malpractice in Tennessee Code Annotated section 29–26–116, which contains no exception for minority, tolled during a plaintiff's minority? Our answer is that the three-year statute of repose for medical malpractice actions is not tolled during the plaintiff's minority. Giving effect to the plain language of the statute and finding no exception for minority among the two express exceptions in it—and cognizant of our constitutional role as interpreters, not makers, of the law—we hold that plaintiffs in their minority are bound by the three-year medical malpractice statute of repose. However, in order to avoid undue hardship to potential plaintiffs who have justly relied upon federal court and lower court precedents erroneously stating the opposite rule, the new rule we announce today is to apply prospectively only. Therefore, for cases commenced on or before December 9, 2005, we hold that the plaintiff's minority tolls the medical malpractice statute of repose. For cases commenced after December 9, 2005, we hold that the plaintiff's minority does not toll the medical malpractice statute of repose.

## FACTUAL BACKGROUND

At the core of the certified questions presented to us in this case is whether, by virtue of Tennessee's "legal disability statute," Tennessee Code Annotated section 28–1–106 (2000), the plaintiff's minority tolls the three-year statute of repose for medical malpractice claims set forth in Tennessee Code Annotated section 29–26–116(a)(3) (2000). The action from which these Rule 23 certified questions arose was filed in the United States District Court for the Western District of Tennessee by Kathleen Calaway, on behalf of her minor daughter, Kaitlyn Calaway, against Jodi Schucker, M.D., on September 13, 2002. The plaintiff alleges that on February 20, 1996, the defendant performed negligently in the course of the birth and delivery of the minor plaintiff, Kaitlyn Calaway, resulting in severe and permanent injury to Kaitlyn. The plaintiff had filed a previous negligence action in 1997 in the Circuit Court for Shelby County, Tennessee, on behalf of the minor plaintiff against Shelby County Health Care Corporation, d/b/a Regional Medical Center, and the University of Tennessee Medical Group—but the defendant in the present controversy, Dr. Schucker, was not joined to that case. The parties to the earlier lawsuit settled in 2002, and a release was signed covering the defendants to that controversy but specifically reserving the plaintiff's causes of action against Dr. Schucker.

On August 4, 2004, the federal district court in the present case granted in part and denied in part the defendant's motion for summary judgment. In partially denying the defendant's motion, the court relied on dicta in our decision in *Penley v. Honda Motor Co.*, 31 S.W.3d 181 (Tenn.2000). In *Penley,* we expressed our strong disapproval of the reasoning underlying the Tennessee Court of Appeals' decision in *Bowers v. Hammond,* 954 S.W.2d 752 (Tenn.Ct.App.1997); yet we permitted to stand its central holding that Tennessee's medical malpractice statute of repose does not supersede or suspend the operation of the legal disability statute, Tennessee

Code Annotated Section 28–1–106, which tolls the limitations period for minority by allowing the plaintiff to bring a lawsuit within the first year of his or her majority. On this basis, the federal court denied Dr. Schucker's motion for summary judgment on all the plaintiff's claims other than for medical expenses.

But concerning the minor plaintiff's medical-expense claims, the federal court granted the defendant's motion for summary judgment. Relying on an unreported opinion of the United States District Court for the Western District of Tennessee in *McBride v. Shutt,* No. 00–1302, 2002 WL 1477211 (W.D.Tenn. July 2, 2002), which in turn relied on *Dudley v. Phillips,* 218 Tenn. 648, 405 S.W.2d 468 (1966), the court concluded that because an action for a minor's medical expenses both belongs to the minor's parents and is separate and distinct from any cause of action for injuries to the child, this cause of action was barred by the statute of limitations, Tennessee Code Annotated section 29–26–116(a)(1), since it was filed beyond the statute's one-year limitations period.

The plaintiff requested that the federal court modify or amend its judgment because, in her view, it left unresolved the issue of whether the minor plaintiff could pursue an action against the defendant for medical expenses incurred after she reached majority. We have never had occasion to answer that question directly.

The defendant, given the lack of a definitive statement of law from this Court on the issue of whether Tennessee's medical malpractice statute of repose is tolled by the plaintiff's minority, also seeks clarification of our state's law.

The parties filed a joint motion in federal court to certify questions of law to this Court. The federal court issued a certification order on November 24, 2004, which was filed with us on December 1, 2004.

The certification order did not designate either party as the movant. We also granted the respective motions of the Tennessee Medical Association and the Tennessee Trial Lawyers' Association to file amicus curiae briefs in this case.

The following four questions were certified by the federal court and accepted by this Court:

(1) Does a minor child have a personal claim for medical expenses arising from an injury caused by the fault of another when the claim of the child's parent for such medical expenses is barred by a statute of limitation or repose?

(2) Does a minor child who is injured have a personal claim for medical expenses accruing after the age of majority?

(3) Is the three-year statute of repose for medical malpractice in Tennessee Code Annotated section 29–26–116, which contains no exception for minority, tolled during a plaintiff's minority?

(4) Is a physician defendant denied equal protection of the law wherein an exception to the statute of repose contained in Tennessee Code Annotated section 29–26–116 is created for minority in medical malpractice cases, while no similar exception exists in product liability and construction cases?

Starting with the third question, and for the reasons that follow, we answer that the plaintiff's minority does not toll Tennessee's medical malpractice statute of repose, Tennessee Code Annotated section 29–26–116(a)(3). However, to avoid undue hardship to potential plaintiffs who have relied upon the *Bowers* rule, the new rule we announce today is to have prospective application only. Therefore, for cases commenced on or before December 9, 2005, we hold that the plaintiff's minority tolls the

medical malpractice statute of repose. For cases commenced after December 9, 2005, we hold that the plaintiff's minority does not toll the medical malpractice statute of repose. Consequently, our answer to the first question is that for cases commenced on or before December 9, 2005, a minor child's personal claims for medical expenses arising from a medical malpractice injury are not barred by the statute of repose; for cases commenced after December 9, 2005, a minor child's personal claims for medical expenses arising from a medical malpractice injury are barred by the statute of repose. As to the second question, we answer that if the child's personal claims are barred by the statute of repose, that action cannot be brought by the child upon reaching majority. Finally, as to the fourth question, we hold that the defendant's equal protection rights are not violated by either retroactive application of the old rule to her or by prospective-only application of the new rule to similarly situated defendants.

## STANDARD OF REVIEW

 The touchstone of this Court's role in statutory interpretation "is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 678 (Tenn. 2002) (quoting *Owens v. State*, 908 S.W.2d 923, 926 (Tenn.1995)); *see also State v. Flemming*, 19 S.W.3d 195, 197 (Tenn. 2000); *State v. Butler*, 980 S.W.2d 359, 362 (Tenn.1998). We determine intent "from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning," *Flemming*, 19 S.W.3d at 197 (citing *Butler*, 980 S.W.2d at 362), and if the language of a statute is clear, we must apply its plain meaning without a forced interpretation. *Mooney v. Sneed*, 30 S.W.3d 304, 306 (Tenn.2000).

## ANALYSIS

 This case presents us with our first direct opportunity to address the question whether the minority provisions of Tennessee's legal disability statute, Tennessee Code Annotated section 28–1–106, toll the medical malpractice statute of repose, Tennessee Code Annotated Section 29–26–116(a)(3). The plaintiff contends, on the basis of several decisions issued by lower state courts and one federal district court, that minority tolls the three-year statute of repose. The defendant argues, largely on the basis of statements we made in two recent cases, *Penley v. Honda Motor Co.*, 31 S.W.3d 181 (Tenn.2000), and *Mills v. Wong*, 155 S.W.3d 916 (Tenn.2005), that the statute of repose is not tolled by the plaintiff's minority.

The two statutes at issue here state, respectively, as follows:

Tennessee Code Annotated section 28–1–106:

If the person entitled to commence an action is, at the time the cause of action accrued, either within the age of eighteen (18) years, or of unsound mind, such person, or such person's representatives and privies, as the case may be, may commence the action, after the removal of such disability, within the time of limitation for the particular cause of action, unless it exceeds three (3) years, and in that case within three (3) years from the removal of such disability.

Tennessee Code Annotated section 29–26–116:

(a)(1) The statute of limitations in malpractice actions shall be one (1) year as set forth in § 28–3–104.

(2) In the event the alleged injury is not discovered within such one (1) year peri-

od, the period of limitation shall be one (1) year from the date of such discovery. (3) In no event shall any such action be brought more than three (3) years after the date on which the negligent act or omission occurred except where there is fraudulent concealment on the part of the defendant, in which case the action shall be commenced within one (1) year after discovery that the cause of action exists. (4) The time limitation herein set forth shall not apply in cases where a foreign object has been negligently left in a patient's body, in which case the action shall be commenced within one (1) year after the alleged injury or wrongful act is discovered or should have been discovered.

■ We begin our analysis by noting the distinction between statutes of limitations and statutes of repose. A statute of limitations normally governs the time within which legal proceedings must be commenced after a cause of action accrues. A statute of repose, on the other hand, limits the time within which an action may be brought and is unrelated to the accrual of any cause of action. *Jones v. Methodist Healthcare*, 83 S.W.3d 739, 743 (Tenn.Ct. App.2001).

■ A further distinction is that statutes of repose are substantive rather than procedural. "Statutes of repose are substantive and extinguish both the right and the remedy while statutes of limitations are procedural, extinguishing only the remedy." *Id.* Thus, a statute of repose typically

does not bar a cause of action; its effect, rather, is to prevent what might otherwise be a cause of action from ever arising.... The injured party literally has *no* cause of action. The harm that has been done is *damnum absque injuria*—a wrong for which the law allows no redress. The function of the statute is thus rather to define substantive rights than to alter or modify a remedy.

*Rosenberg v. Town of North Bergen*, 61 N.J. 190, 293 A.2d 662, 667 (1972) (emphasis in original). A statute of repose, however, does not always extinguish the cause of action before it accrues: " 'Where the injury occurs within the [repose] period, and a claimant commences his ... action after the [repose] period has passed, an action accrues but is barred. Where the injury occurs outside the [repose] period, no substantive cause of action ever accrues, and a claimant's actions are likewise barred.' " *Penley*, 31 S.W.3d at 184 (quoting *Gillam v. Firestone Tire & Rubber Co.*, 241 Neb. 414, 489 N.W.2d 289, 291 (1992)). In short, "[s]tatutes of repose operate differently [from] ... statutes of limitation[s]" because statutes of repose impose "an *absolute time limit* within which action must be brought." *Penley*, 31 S.W.3d at 184 (emphasis added).

In light of the distinction between statutes of limitations and repose, we note that this Court has consistently characterized Tennessee Code Annotated section 29–26–116(a)(3) as a statute of repose. As early as 1978, in *Harrison v. Schrader*, 569 S.W.2d 822, 824 (Tenn.1978), our first encounter with this statute, we described it as "an absolute three-year limit upon the time within which malpractice actions, with two [express] exceptions, could be brought" and also as "an outer limit or ceiling superimposed upon the existing statute [of limitations]." In *Cronin v. Howe*, 906 S.W.2d 910, 913 (Tenn.1995), we stated that the statute "places an absolute three-year limit upon the time within which malpractice actions can be brought." And earlier this year, in *Mills*, 155 S.W.3d at 920, we stated that the statute of repose "expresses a legislative intent to place an absolute three-year bar beyond which no

medical malpractice right of action may survive."

We recognize that the Legislature may, in some instances, allow plaintiffs to commence a lawsuit despite the absolute nature of applicable statutes of repose. For example, we find a clearly stated exception in the medical malpractice statute of repose for fraudulent concealment. *See* Tenn.Code Ann. § 29–26–116(a)(3). The plaintiff's amicus here argues that the legal disability statute, Tennessee Code Annotated section 28–1–106, was intended by the Legislature to serve as an exception to the medical malpractice statute of repose, citing in support a string of cases from lower state courts and one federal court. *See, e.g., Parlato v. Howe,* 470 F.Supp. 996 (E.D.Tenn.1979); *Braden v. Yoder,* 592 S.W.2d 896 (Tenn.Ct.App.1979), *Bowers v. Hammond,* 954 S.W.2d 752 (Tenn.Ct.App. 1997).

We respectfully disagree with the plaintiff's amicus' argument. As we have stated above, the medical malpractice statute of repose imposes an absolute three-year bar on such actions, with the exception of the exemptions in the statute itself. In *Penley,* we stated that "when the General Assembly has desired that exceptions apply to a statute of repose, ... the exception is either found with the language of the statute itself, or in another part of the code specifically referencing the particular statute of repose." *Penley,* 31 S.W.3d at 184–85. We find neither requirement satisfied in this case for minority. The medical malpractice statute of repose contains no express exception for minors. Neither does any other part of the Code, including the legal disability statute, reference the statute of repose with respect to minors.

Our approach to statutory construction begins with the statute's language, and if it can end there—with our finding of a clear meaning of the Legislature's intent—then we must stop. "Our search for a statute's purpose begins with the words of the statute itself. If the statute is unambiguous, we need only enforce the statute as written[,]" with no recourse to the broader statutory scheme, legislative history, historical background, or other external sources of the Legislature's purpose. *In re Conservatorship of Clayton,* 914 S.W.2d 84, 90 (Tenn.Ct.App. 1995). The statute of repose itself—by its words "[i]n no event shall any such action be brought more than three years after the date on which the negligent act or omission occurred"—expresses a clear intent by the Legislature to absolutely limit to three years the time within which malpractice actions can be brought.[1] *Harrison,* 569 S.W.2d at 824; *Mills,* 155 S.W.3d at 920.

In *Penley,* we applied the statutory-construction canon *expressio unius est exclusio alterius* ("to mention one thing is to exclude others") to refrain from finding an implied exception for mental incompetents that would toll the products liability statute of repose, Tennessee Code Annotated section 29–28–103. "[W]e will not rewrite this statute to insert other categories not intended by the General Assembly. If the General Assembly intended for mental incapacity to toll the ten-year statute of repose, it could easily have done so...." *Penley,* 31 S.W.3d at 185–86. The same analysis applies to the present case: we will not rewrite the medical malpractice

---

1. The dissent argues that the placement of the medical malpractice statute of repose immediately following the codification of the discovery rule shows the Legislature's intent that the phrase "in no event" in section 29–26– 116(a)(3) merely limits the discovery rule and does not supercede the legal disability statute. Unlike the dissent, we construe this phrase "in no event" to mean just that—in no event.

statute of repose to include an exception for minors when it appears from the statutory language that the Legislature did not intend such an exception.

Although it is true that we did, in *Penley,* acquiesce in the *Bowers* holding by "limit[ing] the precedential weight of [the *Bowers* ] opinion to its explicit holding that the three-year medical malpractice statute of repose is tolled during the minority of the plaintiff," 31 S.W.3d at 185, we chose not to overrule *Bowers* because the issue was not squarely presented in that case, as it is here. Moreover, the plaintiff's reliance on this statement is misplaced because our acquiescence was clearly in dicta. Not only did the two cases come to differing conclusions—*Penley* declining to find an exemption for mental incompetents to Tennessee's products liability statute of repose, and *Bowers* implicitly finding an implied exemption for minors to the medical malpractice statute of repose—the respective bases upon which the two holdings rested were entirely different as well. In fact, we expressed our total disagreement with the reasoning employed by the *Bowers* court to reach its holding.

> We disagree with the rationale used by the *Bowers* court to find implied exceptions for minority and mental incompetence to the three-year medical malpractice statute of repose. The *Bowers* holding is in stark contrast to the plain language of the statute, which admits of no tolling other than for fraudulent concealment, and the holding fails to recognize the policies underlying the statute of repose itself.

*Id.,* 31 S.W.3d at 188.

■ We now expressly overrule the *Bowers* and *Braden* courts and hold that the plaintiff's minority does not toll the medical malpractice statute of repose. We do so not only on the basis of the clear language of the statute and our consistent characterizations of the medical malpractice statute of repose as an absolute three-year bar to such claims. We also stress our holding in *Penley* that the legal disability statute, Tennessee Code Annotated section 28–1–106, serves to toll only statutes of limitations and not statutes of repose. "[T]his section is only applicable to extend the running of a statute of limitations, and we will not interpret the legal disability statute to give it effect beyond the fair import of its terms." *Penley,* 31 S.W.3d at 186. Further, "[w]here the General Assembly enacts some specific limitations period as part of an overall statutory scheme, these specific limitations will apply over more general provisions found elsewhere in the code." *Id.* at 187 (citing *Dobbins v. Terrazzo Mach. & Supply Co.,* 479 S.W.2d 806, 809 (Tenn.1972)). To accept the argument that the legal disability statute trumps the medical malpractice statute of repose "would be to defeat the very purposes behind the enactment" of the latter. *Id.* We cannot, under the guise of judicial interpretation of the statute, in effect rewrite the law and thus substitute our own policy preferences for the Legislature's.[2]

■ We emphasize that our holding here is an attempt to ascertain and apply the Legislature's intent in passing the medical malpractice statute of repose, and our analysis relies on the plain meaning of the terms employed by the General Assembly to compose the statute. "Where

---

2. The dissent asserts that minority tolling is appropriate because the claim of a young minor could be eliminated before the minor has a meaningful opportunity to assert that claim or lose his or her cause of action through the neglect of others. However, it is not the role of this Court to rewrite the statute in order to remedy any perceived unfairness. The dissent's argument is best addressed to the Legislature.

the language of the statute 'is clear and unambiguous, then this Court will give effect to the statute according to the plain meaning of its terms.'" *Penley*, 31 S.W.3d at 185 (quoting *Lavin v. Jordon*, 16 S.W.3d 362, 365 (Tenn.2000)). Our holding here comports with our approach to interpreting the medical malpractice statute of repose in *Mills* and the products liability statute of repose in *Penley*.

■■■ "In civil cases retrospective application of a decision overruling an earlier decision ordinarily is denied only if such an application would work a hardship upon those who have justifiably relied upon the old precedent." *Marshall v. Marshall*, 670 S.W.2d 213, 215 (Tenn. 1984). In order to avoid undue hardship to potential plaintiffs who have relied upon the *Bowers* rule, the new rule we announce today is to have prospective application only. Therefore, for cases commenced on or before December 9, 2005, we hold that the plaintiff's minority tolls the medical malpractice statute of repose. For cases commenced after December 9, 2005, we hold that the plaintiff's minority does not toll the medical malpractice statute of repose.

■■■ Finally, we reject the defendant's equal protection claims. We have consistently held that the state equal protection guarantee is co-extensive with the equal protection provisions of the Fifth and Fourteenth Amendments of the U.S. Constitution. *See, e.g., Tenn. Small Sch. Sys. v. McWherter*, 851 S.W.2d 139, 152 (Tenn. 1993).

■■■ The defendant's argument that her equal protection rights under the Tennessee Constitution are violated by (retrospective) application of the *Bowers* rule to her has no merit. It is elementary that where neither fundamental rights nor suspect classifications are at issue, rational basis scrutiny applies. *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976). Here, the Legislature could have had any number of rational bases for the differential treatment of minority tolling in the area of medical malpractice, including the perceived crisis in medical malpractice insurance.

■■■ Similarly, with respect to the prospective-only application of the rule we announce today, the equal protection issue is answered by *Great Northern Railway Co. v. Sunburst Oil and Refining Co.*, 287 U.S. 358, 53 S.Ct. 145, 77 L.Ed. 360 (1932). Writing for the Court, Justice Cardozo held that state supreme courts are not constrained from prospectively applying new interpretations of state statutes by "anything contained in the Constitution of the United States." *Id.* at 366, 53 S.Ct. 145. Specifically, he wrote:

We think the Federal Constitution has no voice upon the subject [of prospective application]. A state in defining the limits of adherence to precedent may make a choice for itself between the principle of forward operation and that of relation backward. It may say that decisions of its highest court, though later overruled, are law none the less for intermediate transactions.... [N]ever has doubt been expressed that it may so treat them if it pleases, whenever injustice or hardship will thereby be averted.

*Id.* at 365, 53 S.Ct. 145. The Supreme Court has not expressly overruled *Sunburst*, and its holding continues to be followed. *See, e.g., Fiore v. White*, 149 F.3d 221, 224–27 (3d Cir.1998) (noting "the Supreme Court's longstanding position that 'the federal constitution has no voice upon the subject' of retroactivity" (quoting *Sunburst*) and stating that "the [Supreme] Court has never tied application of this principle [i.e., retroactivity of a newly an-

nounced rule of state law] to the Equal Protection Clause").

We expressly adopt the *Sunburst* holding. Consequently, the defendant's equal protection claim must fail.

## CONCLUSION

On the basis of the foregoing analysis, we answer the four certified questions presented to us as follows:

Question 1: Does a minor child have a personal claim for medical expenses arising from an injury caused by the fault of another when the claim of the child's parent for such medical expenses is barred by a statute of limitation or repose?

Answer: No.

Question 2: Does a minor child who is injured have a personal claim for medical expenses accruing after the age of majority?

Answer: If the minor child's personal claim is barred by the operation of Tennessee Statute Annotated section 29–26–116, then the claim continues to be barred once the minor reaches majority.

Question 3: Is the three-year statute of repose for medical malpractice in Tennessee Code Annotated § 29–26–116, which contains no exception for minority, tolled during a Plaintiff's minority?

Answer: For cases commenced on or before December 9, 2005, the plaintiff's minority tolls the medical malpractice statute of repose. For cases commenced after December 9, 2005, the plaintiff's minority does not toll the medical malpractice statute of repose.

Question 4: Is a physician Defendant denied equal protection of the law wherein an exception to the statute of repose contained in Tennessee Code Annotated § 29–26–116 is created for minority in medical malpractice cases, while no similar excep-

tion exists in product liability and construction cases?

Answer: No.

The costs of this case are to be taxed against Kaitlyn Calaway, ex rel. Kathleen Calaway.

JANICE M. HOLDER, J., filed a dissenting opinion, in which E. RILEY ANDERSON, J., joined.

JANICE M. HOLDER, J., with whom E. RILEY ANDERSON, J., joins, dissenting.

I write separately to express my view that the minority provisions of Tennessee's legal disability statute, Tennessee Code Annotated section 28–1–106 (2000), toll the three-year medical malpractice statute of repose provided in Tennessee Code Annotated section 29–26–116(a)(3) (2000).

A legal disability statute providing for minority tolling was enacted in Tennessee in 1858. *See* Tenn.Code § 2757 (1858); *Jackson v. Crutchfield*, 111 Tenn. 394, 77 S.W. 776, 777 (1903). The legal disability statute provides that

[i]f the person entitled to commence an action is, at the time the cause of action accrued, either under the age of eighteen (18) years, or of unsound mind, such person, or such person's representatives and privies, as the case may be, may commence the action, after the removal of such disability, within the time of limitation for the particular cause of action, unless it exceeds three (3) years, and in that case within three (3) years from the removal of such disability.

Tenn.Code Ann. § 28–1–106 (2000). This statute represents Tennessee's long-standing policy of protecting potential causes of action of minors during their minority. *Bowers v. Hammond*, 954 S.W.2d 752, 754 (Tenn.Ct.App.1997), *overruled on other*

*grounds by* Penley v. Honda Motor Co., 31 S.W.3d 181 (Tenn.2000).

The medical malpractice statute was enacted in 1975, long after minority tolling was established. *See* Tenn.Code Ann. § 23–3415 (1975). Tennessee Code Annotated section 29–26–116(a)(3) (2000) provides that

> [i]n no event shall any such action be brought more than three (3) years after the date on which the negligent act or omission occurred except where there is fraudulent concealment on the part of the defendant, in which case the action shall be commenced within one (1) year after discovery that the cause of action exists.

The plain language of the medical malpractice statute of repose does not preclude minority tolling. The defendant contends, however, that the phrase "[i]n no event" indicates that the General Assembly intended the three-year statute of repose to serve as a complete bar beyond which no medical malpractice cause of action can exist. In construing a statute, we must give effect to every word, phrase, clause, and sentence. *Cohen v. Cohen,* 937 S.W.2d 823, 828 (Tenn.1996). We, however, should refrain from lifting a single word or clause from a statute and construing it alone without reference to the remaining language of the statute. *Neff v. Cherokee Ins. Co.,* 704 S.W.2d 1, 7 (Tenn. 1986); *Loftin v. Langsdon,* 813 S.W.2d 475, 478 (Tenn.Ct.App.1991). Rather, a statute's meaning is to be determined "from the act taken as a whole, viewing the legislation in light of its general purpose." *Pearson v. Hardy,* 853 S.W.2d 497, 500 (Tenn.Ct.App.1992). To make this determination, a review of the background of the Medical Malpractice Act is necessary.

In *Teeters v. Currey,* 518 S.W.2d 512, 517 (Tenn.1974), this Court adopted the discovery rule, holding that a medical mal-

practice cause of action accrues and the statute of limitations commences when the patient discovers or should have discovered the resulting injury through the exercise of reasonable care and due diligence. The discovery rule thus " 'extended [the] period during which a physician could be subject to potential liability.' " *Parlato v. Howe,* 470 F.Supp. 996, 998 (E.D.Tenn. 1979) (quoting *Harrison v. Schrader,* 569 S.W.2d 822, 826 (Tenn.1978)). The discovery rule reflects our state's policy against requiring a lawsuit to be filed when circumstances beyond the injured party's control prevent the party from bringing suit. *Teeters,* 518 S.W.2d at 515.

Shortly after this Court adopted the discovery rule, the General Assembly passed the Medical Malpractice Claims Act of 1975. This act was designed to confront a perceived "medical malpractice insurance crisis" in this country. *Cronin v. Howe,* 906 S.W.2d 910, 913 (Tenn.1995). Due to the alleged increase in the number of claims, insurance companies were reluctant to write medical malpractice policies, and the premiums for available policies rose astronomically. *Harrison,* 569 S.W.2d at 826. Moreover, there was a belief that "safe estimates required by actuarial uncertainty, aggravated by the extended period during which a physician could be subject to potential liability, contributed to the increase in medical insurance costs." *Id.* Although the discovery rule was specifically included in the Medical Malpractice Act, the legislature also included a statute of repose. The purpose of the medical malpractice statute of repose was to reduce the effect of the discovery rule.

The medical malpractice statute of repose is currently codified in Tennessee Code Annotated section 29–26–116(a)(3) immediately following the codification of the discovery rule in subsection (a)(2).

The location of this statute of repose and its purpose of reducing the effect of the discovery rule shows the legislature's intent that the phrase "[i]n no event" in section 29–26–116(a)(3) limits the discovery rule rather than supersedes all other statutes, including the minority tolling provisions in the legal disability statute.

We previously have held that Tennessee Code Annotated section 28–1–106 does not toll any statute of repose for mental incompetency. *Penley,* 31 S.W.3d at 185. We recognized that a policy permitting the tolling of a statute of repose during mental incompetency severely damages the underlying purposes of statutes of repose due to the indefinite time period during which a person could remain mentally incompetent. *Id.* at 188. In contrast, any period of minority will not extend longer than eighteen years. *Id.* at 187. Unlike tolling for incompetency, minority tolling of the medical malpractice statute of repose continues to provide an ascertainable period of time after which a defendant's exposure to liability will be discontinued. Minority tolling "merely extends—but does not practically eliminate—the repose period." *Id.* at 188. Therefore, extending the running of the medical malpractice statute of repose during a plaintiff's repose period does not destroy the purposes for which the statute of repose was enacted.

Furthermore, without minority tolling, the effect of the medical malpractice statute of repose on a minor is harsher than its effect on an adult. Section 26–26–116(a)(3) may eliminate a cause of action before the cause of action accrues. *Penley,* 31 S.W.3d at 186. An adult who discovers within the three-year period that he is injured is at least in a position to promptly bring an action. *Parlato,* 470 F.Supp. at 999; *Bowers,* 954 S.W.2d at 755. In contrast, a minor, especially one injured at an early age, must rely upon an adult to bring an action on his behalf. If the medical malpractice statute of repose is not tolled during minority, "the minor could forever lose his cause of action strictly through the neglect of others." *Parlato,* 470 F.Supp. at 999.

Finally, since 1979, various courts have recognized that the medical malpractice statute of repose is tolled during the injured plaintiff's minority. *See Parlato,* 470 F.Supp. at 999–1000; *Bowers,* 954 S.W.2d at 758–59; *Braden v. Yoder,* 592 S.W.2d 896, 897 (Tenn.Ct.App.1979); *see also Penley,* 31 S.W.3d at 188 (limiting the precedential weight of *Bowers* to its holding that the medical malpractice statute of repose is tolled during the plaintiff's minority). The General Assembly has not yet expressed disapproval of these holdings by amending Tennessee Code Annotated section 29–26–116 to expressly prohibit minority tolling of the medical malpractice statute of repose. Generally, legislative inaction is irrelevant to the interpretation of existing statutes. *Freeman Indus., LLC v. Eastman Chem. Co.,* 172 S.W.3d 512, 519 (Tenn.2005). The legislature's failure to express disapproval of the judicial construction, however, provides persuasive evidence of legislative adoption of that judicial construction. *Id.* Legislative inaction alone does not support minority tolling of the medical malpractice statute of limitation. Consideration of this factor along with the language and purposes of Tennessee Code Annotated sections 28–1–106 and 29–26–116 leads me to conclude that section 28–1–106 tolls the medical malpractice statute of repose during the plaintiff's minority.

I am authorized to state that Justice ANDERSON joins in this dissenting opinion.

## ORDER

PER CURIAM.

The appellants, Kaitlyn Calaway and Kathleen Calaway, filed a motion for re-

hearing of the opinion of this Court issued February 21, 2006. In their petition, the appellants request that the Court give prospective application of the newly announced rule to cases involving *injuries occurring* after December 9, 2005, rather than to *cases commenced* after this date.

Upon due consideration, we conclude that the appellants' petition is not well-taken and should be denied.

Also before the Court is a motion to rehear filed by the appellee, Dr. Jodi Schucker. Appellee argues violation of her Due Process rights on two grounds: (1) that she was not given the opportunity to respond to the plaintiff's motion to rehear on the matter of prospective application and (2) that prospective application of the new rule in a manner consistent with Due Process requires this Court to balance the appellant's reliance interest on the old rule against the appellee's vested property interest in the new rule.

After careful consideration, the Court is of the opinion that this motion filed by the appellee should be denied.

Justices Anderson and Holder adhere to the views previously expressed in their previously filed dissent.

IT IS SO ORDERED.