# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### November 9, 2005 Session

## DONNA J. OVERMAN   v.  ALTAMA DELTA CORPORATION

**Interlocutory appeal from the Chancery
Court for Henderson County
No. 18722   Hon. James F. Butler, Chancellor**

---

### No. W2005-00794-SC-R9-CV - Filed March 16, 2006

---

WILLIAM M. BARKER, C.J., dissenting.

Because I believe that the majority misconstrues and misapplies the statutes relevant to this case, I respectfully dissent.

The majority neglects the true import of Tennessee Code Annotated section 50-6-206(a)(1) (2005), which gives the interested parties in a workers' compensation case "the right to settle all matters of compensation between themselves[,]" by misconstruing the meaning of Tennessee Code Annotated section 50-6-114(a) (2005), which provides that "[n]o contract or agreement . . . or other device, shall in any manner operate to relieve any employer . . . of any obligation created by this chapter except herein provided." I cannot accept the majority's conclusion that the settlement agreement here—once stamped with the trial court's imprimatur, as is required by statute to give it effect under Tennessee Code Annotated section 50-6-241—constituted a "contract . . . or other device" prohibited by Tennessee Code Annotated section 50-6-114(a) to relieve the employer of its obligations.

I find it reasonable to include among the "except[ions] . . . herein provided" section 50-6-206(a)(1)'s provision allowing "[t]he interested parties . . . the right to settle all matters of compensation between themselves"—which would include settlement agreements that provide for knowing and intelligent waiver of reconsideration rights under a court's supervision. Indeed, a workers' compensation settlement agreement stamped with a trial court's imprimatur is not a "contract[,] . . . agreement[,] . . . rule, regulation or other device" prohibited by statute, but rather a *final judgment* of the court that can be issued only after a specific finding that "the employee is receiving, substantially, the benefits provided by the Workers' Compensation Law." Tenn. Code Ann. § 50-6-241. In other words, section 50-6-114(a) is properly construed only to prohibit employers from making, without the approval of a trial court, "outside deals" aimed at abrogating

benefits that the employer is required to provide under the Workers' Compensation Act. By its language, section 50-6-114 was clearly not intended to affect the *judgments* of courts of law.

Furthermore, a plain reading of recent amendments to Tennessee Code Annotated section 50-6-241(d)(1)(A)-(B) (2005) strongly rebuts the holding in this case. "*For injuries occurring on or after July 1, 2004*, . . . an employee shall not be permitted to waive or forfeit, and the parties shall not be permitted to compromise and settle, the employee's rights to reconsideration pursuant to this section." (Emphasis added.) Because this new statutory prohibition against waivers of reconsideration rights expressly applies only *after* a specified date, the statute implies that such waivers for injuries occurring *before* that date are permissible. If the General Assembly had intended the absolute prohibition that the majority declares today, it would not have inserted this qualification into the provision.[1]

The General Assembly passed these amendments to Tennessee Code Annotated section 50-6-241(d)(1)(A)-(B) against a backdrop of cases from various Workers' Compensation Panels that consistently and repeatedly held exactly the opposite of the majority's new rule today—i.e., that waivers of reconsideration rights are valid and consistent with public policy.[2] See, e.g., Nay v. Resource Consultants, Inc., No. M1996-00016-WC-R3-CV, 2000 WL 4255, (Tenn. Workers' Comp. Panel, Jan. 5, 2000); Ray v. Yasuda Fire and Ins. Co., No. 01S01-9710-CH-00223, 1998 WL 707775 (Tenn. Workers' Comp. Panel, Oct. 12, 1998); Swiger v. Nashville Union Stockyard Rest. Co., No. M2002-02971-WC-R3-CV, 2004 WL 123314 (Tenn. Workers' Comp. Panel, Jan. 27, 2004). To repeat, although the General Assembly has since rejected the public policy judgments of these Panels, it did so in a qualified way—by inserting a date only after which the prohibition of waivers of reconsideration rights would take effect. "The legislature's failure to express disapproval of the judicial construction . . . provides persuasive evidence of legislative adoption of that judicial construction." Calaway ex rel. Calaway v. Schucker, – S.W. 3d –, 2005 WL 3338655 at *9, (Tenn. 2005) (Holder, J., dissenting). By commencing the prohibition of such waivers on a specific date, the General Assembly failed to expressly disapprove waivers of reconsideration rights *for injuries occurring before that date.* Thus, I believe we have ample indication of the legislature's adoption of the above-cited Panels' holdings—that such waivers are permissible—for workplace injuries, like Ms. Overman's, that occurred before July 1, 2004. Even the plaintiff here conceded that the Panel's holding in Nay— which upheld absolute waivers of reconsideration rights (as opposed to conditional waivers, the issue in this case)—is valid for settlements of workplace injuries occurring before the statutory prohibition!

---

[1] I note also that it is elementary that, as a general matter, legislation applies prospectively only. See Elmer E. Smead, *The Rule Against Retroactive Legislation: A Basic Principle of Jurisprudence,* 20 Minn. L.Rev. 775, 775-76 (1936).

[2] Indeed, Justice Holder, the author of the majority's opinion in this case, participated in a Workers' Compensation Panel that applied the rule that the majority today rejects—namely, that a knowing and intelligent waiver of a cause not yet vested is valid in workers' compensation cases. Campbell v. Jim Keras Buick Co., No. W2003-00158-WC-R3-CV, 2004 WL 442692 at *4 (Tenn. Workers' Comp. Panel, March 10, 2004) (holding that the employee did not make a knowing and intelligent waiver because the agreement was not court-approved).

Put simply, I believe the majority errs by applying the legislature's rejection of the public policy judgments reflected in Panel decisions such as <u>Nay</u> to cases in which the legislature did not intend that rejection to apply. By including a starting date of July 1, 2004 after which waivers of reconsideration rights are not permissible, the legislature signaled that such waivers before that date are permissible. Ms. Overman's injuries were reported in 2002—before the statutory prohibition of waivers of reconsideration rights went into effect. Thus, I believe her waiver is valid.

Fortunately, the precedential weight of this case—and its real-world effects—will be negligible. Because of the General Assembly's recent prohibition of waivers such as this one for injuries occurring on or after July 1, 2004, the majority's holding today applies only to settlements for workplace injuries occurring before that date.

William M. Barker, Chief Justice