# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Submitted On Briefs September 20, 2006 Session

## SHANNON WALKER, ET AL. v. RANDE LAZAR, M.D., ET AL.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-000323-05     D'Army Bailey, Judge**

---

**No. W2006-00225-COA-R3-CV - Filed September 27, 2006**

---

The trial court granted Defendants' motions to dismiss based on the statute of repose applicable to medical malpractice actions. Plaintiffs appeal, asserting the statute of repose was tolled where the action was brought on behalf of their minor children and commenced before December 9, 2005. We affirm in part, reverse in part, and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in part; Reversed in part; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

T. Edgar Davison, III, Memphis, Tennessee, for the appellants, Shannon Walker and Danna Walker, Individually and as Next Friends and Parents of Macye Walker and Eli Walker.

J. Kimbrough Johnson, Memphis, Tennessee, for the appellees, Rande Lazar, M.D. and Otolaryngology Consultants of Memphis.

William L. Bomar and J. Mark Griffee, Memphis, Tennessee, for the appellee, Methodist Healthcare-Memphis Hospitals, d/b/a Le Bonheur Children's Medical Center.

## OPINION

This appeal pertains to the Tennessee Supreme Court's holding in *Calaway v. Schucker*, No. M2004-02856-SC-R23-CQ (Tenn. Dec. 9, 2005), *modified in part on reh'g*, 193 S.W.3d 509 (Tenn. 2005), that the statute of repose applicable to medical malpractice actions under Tennessee Code Annotated § 29-26-116 is not tolled during the minority of the injured plaintiff. Specifically, this appeal requires us to consider whether the application date of December 9, 2005, prescribed by the *Calaway* court upon rehearing in February 2006, applies to a cause of action commenced prior to the application date but dismissed by the trial court prior to modification following rehearing in February 2006. The facts relevant to our review are undisputed, and the issues raised for our review

present questions of law which we review *de novo*, affording no presumption of correctness to the trial court.

On January 18, 2005, Plaintiffs Shannon Walker and Danna Walker, ("the Walkers") individually and as next of friends and parents of Macye Walker (Macye) and Eli Walker (Eli), minors commenced a medical malpractice action against Defendants Rande Lazar, M.D., (Dr. Lazar); Otolaryngology Consultants of Memphis ("OCM"); and Methodist Healthcare d/b/a Le Bonheur Children's Medical Center ("Le Bonheur"; collectively, "Defendants"). The Walkers' action arose from injuries allegedly sustained as a result of surgery performed by Dr. Lazar on Macye in November 2000, and on Eli in February 2001. In their complaint, the Walkers alleged negligence, battery, and outrageous conduct against Dr. Lazar; negligence against OCM; and negligence against Le Bonheur. They sought damages for injuries to Macye and Eli in the amount of $500,000 per child. They also sought damages for loss of consortium in the amount of $500,000, and punitive damages in the amount of $20,000,000.

When the Walkers commenced their action, under *Bowers v. Hammon*, 954 S.W.2d 752 (Tenn. Ct. App. 1997) *perm. app. denied* (Tenn. Sept. 29, 1997) and *Braden v. Yoder*, 592 S.W.2d 896 (Tenn. Ct. App. 1979) *cert. denied* (Tenn. Jan. 21, 1980), the three-year statute of repose applicable to medical malpractice actions was tolled during a plaintiff's minority. During the pendency of the Walkers' action, on December 9, 2005, the supreme court overruled *Bowers* and *Braden* and held that minority does not toll the statute of repose. *Calaway v. Schucker*, 193 S.W.3d 509 (Tenn. 2005)("*Calaway I*").

Defendants filed virtually identical motions for summary judgment/dismissal on December 14, 2005, and December 27, 2005. In their motions, Defendants asserted the Walkers claims were barred by the three-year statute of repose set forth in Tennessee Code Annotated § 29-26-116. They further asserted that the statute "contains no exception for tolling during a plaintiff's minority, as held by the Tennessee Supreme Court in *Calaway v. Schucker*, Case No. M2004-02856-SC-R23-CQ."

The Walkers filed their response to Defendants' motions on January 19, 2006. The Walkers asserted the existence of genuine issues of material fact and argued that Calaway should be applied prospectively and not retroactively. In the alternative, the Walkers relied on the dissent in *Calaway I* for the proposition that it had been wrongly decided and should be overruled.

By order filed January 24, 2006, the trial court determined that, under *Calaway I*, the Walkers' action was barred by the three-year statute of repose. The trial court granted Defendants' motions and dismissed the Walkers' action with prejudice. The Walkers filed a timely notice of appeal to this Court on January 30, 2006.

As the Walkers asserted in their response to Defendants' motions for dismissal/summary judgment, *Calaway I*, filed on December 9, 2005, but not yet published in the official reporter, did

not address whether the court's holding would apply to cases already in ligation.[1] Upon petition to rehear, however, the supreme court modified *Calaway I* in part on February, 21, 2006. *Calaway* as published provides, "for cases commenced on or before December 9, 2005, we hold that the plaintiff's minority tolls the medical malpractice statute of repose. For cases commenced after December 9, 2005, we hold that the plaintiff's minority does not toll the medical malpractice statute of repose." *Calaway*, 193 S.W.3d at 518.

The dispositive issue before this Court is the applicability of the supreme court's holding in *Calaway*. The Walkers assert that, under *Calaway*, their medical malpractice action on behalf of their minor children for permanent injuries to the children is not barred by the statute of repose where the action was commenced prior to December 9, 2005.[2] Defendants, on the other hand, assert prospective application of the holding in *Calaway* to actions commenced after December 9, 2005, violates the separation of powers doctrine; deprives Dr. Lazar of a vested right without due process; and deprives Dr. Lazar of equal protection of the law.

The decision of the supreme court in *Calaway* is clear and unambiguous. For cases commenced prior to or on December 9, 2005, the statute of repose is tolled during the minority of the plaintiff. *Id.* Additionally, the *Calaway* court considered the due process and equal protection arguments asserted by Dr. Lazar. In *Calaway*, the defendant/appellee physician filed a motion to rehear asserting that prospective application of *Calaway* violated due process. "After careful consideration" and balancing the interest of the injured plaintiff, who had relied on nearly forty years of judicial precedent, against the interest of the defendant physician in the new rule, the *Calaway* court rejected the defendant's due process argument and denied the motion. *Id.* at 522. The *Calaway* court also rejected the argument that prospective application of its holding deprived the defendant doctor in that case of equal protection of the law. *Id.* at 518 (citing *Great N. Ry. Co. v. Sunburst Oil and Refining Co.*, 287 U.S. 358, 53 S.Ct. 145, 77 L.Ed. 360 (1932)). Accordingly, we find it unnecessary to further address Dr. Lazar's assertions here.

Finally, Dr. Lazar's assertion that the holding in *Calaway* violates the separation of powers doctrine is without merit. Certainly, when construing a statute, the judicial branch is limited to interpreting the statute, determining the intent of the legislature, and effectuating that intent. *See, e.g., City of Memphis v. Shelby County Election Comm'n*, 146 S.W.3d 531, 537 (Tenn. 2004). However, as Justice Holder noted in her vigorous dissent to *Calaway*, since 1979, the appellate courts of this State have held that the statute of repose applicable to medical malpractice actions is tolled during the minority of the injured plaintiff by application of the legal disability statute codified at Tennessee Code Annotated § 28-1-106. *Calaway*, 193 S.W.3d at 521 (Holder and Anderson, J.J.,

---

[1] We note that the parties failed to attach a copy of *Calaway I* to their briefs, and it is not in the record. The parties do not dispute that *Calaway I* was silent with respect to its application date, however, and we take judicial notice of the original opinion filed on December 9, 2005.

[2] The Walkers concede that their individual claims are barred and that they may not recover medical expenses incurred. They assert, "[t]he crux of this case does not lie with the parents. The major injuries sustained were permanent damages to the children."

dissenting). During this time, the general assembly took no action to legislatively supercede this judicial interpretation. *Id.* We cannot fathom how prospective application of judicial statutory interpretation that overrules nearly forty years of prior interpretation violates the separation of powers doctrine where the general assembly has remained silent.

In light of the foregoing, we affirm summary judgment with respect to the Walkers' individual claims, but reverse summary judgment with respect to medical malpractice claims brought on behalf of the minor children. This action is remanded for further proceedings. Costs of this appeal are taxed to the Appellees, Rande Lazar, M.D.; Otolaryngology Consultants of Memphis; Methodist Healthcare d/b/a Le Bonheur Children's Medical Center.

_____
DAVID R. FARMER, JUDGE