IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 8, 2008 Session


KAREN CRESPO, ET AL. v. CAROL McCULLOUGH, ET AL.


**Appeal from the Circuit Court for Davidson County**
**No. 07C2193     Hamilton V. Gayden, Jr., Judge**


**No. M2007-02601-COA-R3-CV - Filed October 29, 2008**


D. MICHAEL SWINEY, J., dissenting.


I respectfully dissent from the majority's decision in this case. I do, however, agree with the majority's statement in its Opinion that "[o]bviously, we are bound by the *Calaway* decision." I likewise agree with the majority that this Court has neither the prerogative nor the power to disregard, amend, or reverse decisions of the Tennessee Supreme Court.

For better or for worse, I believe the Tennessee Supreme Court's decision in *Calaway ex rel. Calaway v. Schucker,* 193 S.W.3d 509 (Tenn. 2005) resolves this appeal and requires this Court to affirm the decision of the Trial Court. Our Supreme Court specifically and clearly held that "[f]or cases commenced after December 9, 2005, we hold that the plaintiff's minority does not toll the medical malpractice statute of repose." *Calaway,* 193 S.W.3d at 514. In the case now before us, Plaintiffs' case was commenced after December 9, 2005. Because Plaintiffs' case was commenced after December 9, 2005, Laura Crespo's minority did not toll the medical malpractice statute of repose. Therefore, applying *Calaway*, the statute of repose ran before Plaintiffs' lawsuit was commenced.

That our Supreme Court in *Calaway* meant exactly what it said is underscored by its denial in that case of the plaintiffs'/appellants' motion for rehearing which, basically, requested the same relief requested in the appeal now before us.

> In their petition, the appellants request that the Court give prospective application of the newly announced rule to cases involving *injuries occurring* after December 9, 2005, rather than to *cases commenced* after this date.

Upon due consideration, we conclude that the appellants'
petition is not well taken and should be denied.

*Id*. at 522 (emphasis in the original).

Under the clear holding of *Calaway*, Plaintiffs' lawsuit, which was commenced after December 9, 2005, is barred by the statute of repose. Whether we agree or disagree with the holding of *Calaway* is immaterial. While our Supreme Court certainly has the authority to clarify, modify, or even reverse its holding in *Calaway*, this Court does not. The effect of the majority's Opinion is to hold that the Tennessee Supreme Court's holding in *Calaway* is unconstitutional. This Court simply does not have the power to hold a decision of the Tennessee Supreme Court to be unconstitutional.

For these reasons, I, respectfully, dissent from the majority Opinion. I would affirm the decision of the Trial Court.

_____
D. MICHAEL SWINEY, JUDGE