# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
December 7, 2010 Session

## TIMOTHY WANNAMAKER v. TOM B. THAXTON D/B/A THAXTON SURVEYING

### Appeal from the Chancery Court for Warren County
#### No. 10785     Vanessa Jackson, Judge

### No. M2010-01009-COA-R3-CV - Filed March 24, 2011

Landowner sued surveyor for damages due to an improperly prepared survey done for an adjacent landowner. The trial court granted surveyor's motion to dismiss based on the application of the three-year statute of limitation found in Tenn. Code Ann. § 28-3-105. Landowner appealed, arguing that the limitation period is four years based on Tenn. Code Ann. § 28-3-114. We agree with landowner.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed

ANDY D. BENNETT, J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and FRANK G. CLEMENT, JR., J., joined.

Mark Allen Williams and Christopher Robert Stanford, Manchester, Tennessee, for the appellant, Timothy Wannamaker.

Christopher D. Cravens, Nashville, Tennessee, for the appellee, Tom B. Thaxton d/b/a Thaxton Surveying.

## OPINION

This appeal arises from the trial court's granting of a motion to dismiss for failure to state a claim pursuant to Tenn. R. Civ. P. 12.02(6). Therefore, we must accept the factual allegations of the complaint as true and subject the trial court's legal conclusions to de novo review. *Brown v. Tenn. Title Loans, Inc.*, 328 S.W.3d 850, 854-55 (Tenn. 2010).

According to the complaint, in July 2005, Tom Thaxton performed a survey of real property for the Robert L. Nunley Estate. During Thaxton's survey, Timothy Wannamaker[1] noticed that Thaxton was surveying land that belonged to Wannamaker. On July 26, 2005, Wannamaker wrote a letter to Thaxton notifying him that the boundary line of the survey was incorrect and provided the Nunley Estate with more land than it actually owned. On July 28, 2005, Thaxton "prepared" the survey, meaning, according to the oral argument, that he recorded the survey. The complaint alleging negligence on the part of Thaxton was filed by Wannamaker on July 24, 2009.

Thaxton filed a motion to dismiss, asserting that Wannamaker's complaint was not timely filed under the Tenn. Code Ann. § 28-3-105 three-year statute of limitation. Wannamaker maintained that, pursuant to Tenn. Code Ann. § 28-3-114, the applicable statute of limitation was four years, which he met. The trial court determined that the three-year limit of Tenn. Code Ann. § 28-3-105 applied and granted the motion to dismiss. Wannamaker appealed.

This case turns on the application of two statutes. Tenn. Code Ann. § 28-3-105 states: "The following actions shall be commenced within three (3) years from the accruing of the cause of action: (1) Actions for injuries to personal or real property;" and Tenn. Code Ann. § 28-3-114(a) states:

> All actions to recover damages against any person engaged in the practice of surveying for any deficiency, defect, omission, error or miscalculation shall be brought within four (4) years from the date the survey is recorded on the plat. Any such action not instituted within this four (4) year period shall be forever barred. The cause of action in such cases shall accrue when the services are performed.

Based on the authority of *Meredith v. Crutchfield Surveys*, No. E2004-02460-COA-R3-CV, 2005 WL 1798773, at *3 (Tenn. Ct. App. July 28, 2005), the trial court found that Tenn. Code Ann. § 28-3-114(a) was a statute of repose and that, therefore, the statute of limitation provision of Tenn. Code Ann. § 28-3-105(1) supplied a three-year statute of limitation. Consequently, the judge found that the cause of action was barred by Tenn. Code Ann. § 28-3-105.

---

[1] We note that the appellant spelled his name "Wannamaker" in his complaint and the trial court used that spelling in its order. This is the spelling we use in this opinion, even though the appellant spelled his name "Wanamaker" in his appellate brief.

Tenn. Code Ann. § 28-3-114 has been referred to by this court as a statute of limitations. *See Douglas v. Williams*, 857 S.W.2d 51, 54 (Tenn. Ct. App. 1993). More recently, however, we have called it a statute of repose. *See Meredith*, 2005 WL 1798733, at *3; *Myers v. Bryan*, No. M2000-03188-COA-R3-CV, 2001 WL 1565821, at *2-4 (Tenn. Ct. App. Dec. 10, 2001); *Carter v. R. J. Reynolds Tobacco Co.*, No. W1999-02233-COA-R3-CV, 2000 WL 52806, at *3 (Tenn. Ct. App. Jan. 11, 2000); *Damron v. Media Gen., Inc.*, 3 S.W.3d 510, 512 (Tenn. Ct. App. 1999).

When construing a statute, a court must "ascertain and give effect to the legislature's intent." *Home Builders Ass'n of Middle Tenn. v. Williamson County,* 304 S.W.3d 812, 817 (Tenn. 2010). Ordinarily, we derive this legislative intent "from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning." *Id.* (quoting *State v. Flemming,* 19 S.W.3d 195, 197 (Tenn. 2000)). Where "the language of a statute is ambiguous in that it is subject to varied interpretations producing contrary results, *Walker* [*v. Sunrise Pontiac-GMC Truck, Inc.*,] 249 S.W.3d [301,] 309 [(Tenn. 2008)], we construe the statute's meaning by examining 'the broader statutory scheme, the history of the legislation, or other sources.'" *Id*. (quoting *State v. Sherman*, 266 S.W.3d 395, 401 (Tenn. 2008)). Under the *Walker* standard, we consider Tenn. Code Ann. § 28-3-114 ambiguous as to whether it is a statute of limitations or a statute of repose.

The Tennessee Supreme Court has stated:

> A statute of limitations normally governs the time within which legal proceedings must be commenced after a cause of action accrues. A statute of repose, on the other hand, limits the time within such an action may be brought and is unrelated to the accrual of any cause of action.

*In re Estate of Davis*, 308 S.W.3d 832, 837-38 (Tenn. 2010) (quoting *Calaway ex rel. Calaway v. Schucker*, 193 S.W.3d 509, 515 (Tenn. 2005)). A statute of limitations "begins when a claim accrues." *Id*. at 838. A statute of repose is unrelated to the accrual of an action because it "begins when a specific event occurs, regardless of whether a cause of action has accrued or whether any injury has resulted." *Id*. (quoting 54 C.J.S. *Limitations of Actions* § 5 (2005)). Thus, statutes of repose "impose 'an *absolute time limit* within which action must be brought.'" *Id*. (quoting *Calaway*, 193 S.W.3d at 515)).

The history of Tenn. Code Ann. § 28-3-114 is instructive. In 1980, the year of the passage of what is now Tenn. Code Ann. § 28-3-114, only one statute of limitations mentioned surveyors – Tenn. Code Ann. § 28-314 (now Tenn. Code Ann. § 28-3-202). It addressed actions to recover damages for any deficiency in the design, planning, supervision,

observation of construction, construction of, or land surveying in connection with an improvement to real property. Public Chapter 811 deleted the words "construction of, or land surveying in connection with" wherever they appeared in section 28-314 and substituted instead the words "or construction of." 1980 Tenn. Pub. Acts, Ch. 811, § 1.[2] Chapter 811 then enacted what is now Tenn. Code Ann. § 28-3-114. 1980 Tenn. Pub. Acts, Ch. 811, § 2. The obvious intent of the legislature was to place all limits on actions against surveyors into the new statute.

The legislative debate about the act shows an intent to limit actions against surveyors. Senator Blank stated that "now currently it is an open-ended situation[3] and this would say it would be four years from the date of the survey that you would have a right to bring an action on any errors or omissions, defects, [or] miscalculations that were involved in the survey." Senate Debate Tape No. 47, Feb. 25, 1980. The bill was referred to as a statute of limitations by at least four senators. *Id.*, Tapes 47 & 48.

Whether Tenn. Code Ann. § 28-3-114 is labeled a statute of limitations or a statute of repose is immaterial. The legislative intent, as shown by the statements of the senators and the removal of any reference to surveyors in another statute of limitations, was to place the limitations on actions against surveyors in one statute. It is a well-settled principle of statutory construction that "[s]pecific provisions relating to a particular subject must govern in respect to that subject, as against general provisions in other parts of the law which otherwise might be broad enough to include it." *Cont'l Tenn. Lines, Inc. v. McCanless*, 354 S.W.2d 57, 58-59 (Tenn. 1962); *see also State v. Davis*, 173 S.W.3d 411, 415 (Tenn. 2005); *Goodman v. City of Savannah*, 148 S.W.3d 88, 92 (Tenn. 2003). The reason for this principle of construction is that, "where the mind of the legislature has been turned to the details of a subject and they have acted upon it, a statute treating the subject in a general manner should not be considered as intended to affect the more particular provision." *Arnwine v. Union County Bd. of Educ.*, 120 S.W.3d 804, 809 (Tenn. 2003) (quoting *Woodroof v. City of Nashville*, 192 S.W.2d 1013, 1015 (Tenn. 1946)).

---

[2]It appears that the editors of the Tennessee Code have erred by deleting only the first appearance of the language to be deleted, since the same language is still in the latter portion of Tenn. Code Ann. § 28-3-202. The words were to be deleted "wherever they appear" in the statute. 1980 Tenn. Pub. Acts. Ch. 811, § 1.

[3]Senator Blank maintained that "you could survey a piece of property today and 40 years from now if something came up on it you could have a lawsuit brought on it." Senate Debate Tape No. 47, Feb. 25, 1980. We do not vouch for the accuracy of this statement, but merely cite it as evidence of the intent motivating the enactment of Chapter 811.

It is our opinion that Tenn. Code Ann. § 28-3-114 governs this case, not the more general Tenn. Code Ann. § 28-3-105.  The trial court's decision is reversed and the case is remanded for further proceedings consistent with this opinion.

Costs of appeal are assessed against the appellee, Tom B. Thaxton d/b/a Thaxton Surveying, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE